The Merchants Underwriters at the Indemnity Exchange et al. v. The Parkhurst-Davis Mercantile Company.

### Gen. No. 12,953.

1. APPEAL—*when bond not in compliance with order granting.* A bond executed by an unincorporated voluntary association does not comply with an order granting an appeal to individual defendants, and an appeal so sought to be perfected will be dismissed.

2. APPEAL—*what essential to jurisdiction of.* In order that the reviewing tribunal obtain jurisdiction of an appeal, it must appear that the appeal has been perfected in accordance both with the statute giving the right of appeal and the order entered in the cause made pursuant to such statute.

Bill in equity. Appeal from the Superior Court of Cook county: the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Appeal dismissed. Opinion filed March 5, 1907.

**Statement by the Court.** Appellee, a corporation, filed its bill in equity alleging *inter alia* that the defendants, William Williamson, Bullard & Gormley Company, the G. H. Hammond Company, Edson Keith & Company, National Provision Company, Omaha Packing Company, Reid, Murdock & Company, R. P. Smith & Sons Company, Sears, Roebuck & Company, Trout Hardware Company, and Chas. A. Stevens & Bros., all of whom except the first-named defendant being corporations organized and existing under the laws of Illinois, together with more than five hundred other firms, individuals and corporations residing throughout the United States, Canada, British Columbia and elsewhere, prior to the 29th day of May, 1893, had associated themselves together under the name and style of the Merchants Underwriters at the Indemnity Exchange, for the purpose of underwriting for the subscribers or members of said association policies of insurance against loss or damage by fire or lightning; that on or about the 23rd day of October, 1901, complainant entered into an agreement

whereby it became a member or subscriber of said The Merchants Underwriters at the Indemnity Exchange, which agreement is set forth at length, with an averment that each of the defendants and five hundred or more other subscribers executed and delivered a similar agreement to said defendant, William Williamson, as manager; that May 29, 1903, the said manager, acting in behalf of all said subscribers by his deputy, for and in consideration of $63.75 paid by complainant, issued to complainant a policy of insurance for $10,000 against loss or damage by fire; that on the 13th of October following, said manager issued a certain other like policy of $20,000, in consideration of $127.50 paid by complainant; that these policies contained a provision as follows: "It is understood and agreed that there is assumed by each subscriber, as if a special policy was issued therefor, a sum which is the same proportion of the aggregate amount insured hereunder, that each subscriber's subscription bears to the aggregate of all the subscribers' subscriptions." The bill states that to prevent multiplicity of suits and because of the impossibility of learning the names of the several subscribers the action is brought against the defendants, William Williamson (the duly chosen attorney in fact and manager for all subscribers to said association), R. M. Williamson (his duly chosen deputy, attorney and manager), W. B. Thayer, S. L. Underwood, E. E. Smith (composing the committee duly appointed to hold and have charge of funds belonging to the subscribers), and the Illinois corporations above named, as the representatives of all the said subscribers, and for the purpose of subjecting the funds which are within the jurisdiction of the court to the payment of appellee's claim.

Demurrers were filed and the defendants subsequently answered giving *inter alia* the names of all the subscribers. The cause proceeded to a hearing, and a final decree was entered which finds, among other

things, ·that the said Merchants Underwriters at the Indemnity Exchange is an unincorporated voluntary association, organized for the purpose of insuring its subscribers against fire; that a committee composed of three of the defendants duly appointed as provided by the subscription agreement, namely, W. B. Thayer, S. L. Underwood and E. E. Smith, with William Williamson, the manager, have in their hands sums of money aggregating more than $50,000; that there is due complainant under its said policies $30,000 with interest, and it is adjudged and decreed that "the complainant do have and recover of and from the defendant association the sum of $32,512.50," with costs, and that "the said W. B. Thayer, S. L. Underwood, E. E. Smith, William Williamson and R. M. Williamson are hereby ordered and directed out of the funds in their hands belonging to the said subscribers forthwith to pay to the said complainant the said sum"; to all which "orders, judgment and decree," it is recited, "the defendants except and pray an appeal to the Appellate Court of Illinois for the First District; which appeal is allowed upon the defendants' filing a bond in the sum of $40,000 within thirty days."

The appeal bond which was filed to perfect the appeal states, "That we, The Merchants Underwriters at Indemnity Exchange," as principal, together with the sureties named, "are held and firmly bound unto" the appellees. The bond is signed "The Merchants Underwriters at Indemnity Exchange, by R. M. Williamson, attorney in fact," and also by the sureties.

RALPH CREWS and BARGER & HICKS, for appellants.

FREDERICK A. BROWN, WILLIAM F. SCOOH and LEE MONROE, for appellee.

Mr. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

We have no jurisdiction to entertain this appeal. It

was allowed by the Superior Court upon the "defend-ants filing a bond in the sum of forty thousand dollars within thirty days." A bond has been filed, but it is not made nor entered into nor executed by any of the defendants. It purports to be made and to be executed by an unincorporated voluntary association. It recites that this voluntary association, the "Merchants Under-writers at Indemnity Exchange," has prayed the ap-peal, whereas the record shows it was prayed by and allowed to the defendants. None of these have joined in nor perfected their appeal as required by order of the Superior Court. In the Encyclopædia of Pleading and Practice, Vol. 22, p. 230, Article "Unincorporated Societies," it is said: "An unincorporated society or company is in its fundamental characteristics merely a large partnership, so far as its rights and liabilities are concerned, and at common law in an action by an unincorporated society or company the same rule ap-plies as in actions by partnerships. Such society can-not maintain an action in the name of the society or of its agents or trustees, but must sue in the name of all of the members composing it, however numerous they may be. The members of unincorporated asso-ciations are entitled as individuals having a common interest to sue in regard to matters pertaining to or affecting their interests." In O'Connell v. Lamb, 63 Ill. App. 652-656, it is said: "The declaration shows that the obligee named in the bond is an unincorpo-rated society composed of many persons, of whom a few bring this action at law on the bond in their own names for the use of all the members. By the rule at common law this is forbidden. It can be maintained only in the names of all, however numerous. There is no authority, so far as we are advised, for supposing that it has been abrogated or modified in this State," citing cases noted in 1st Ed. of A. & E. Encyc. of Law, Vol. 22, 806-7, and Phipps v. Jones, 20 Pa. St. 260-263; 59 Am. Decisions, 711.

An appeal, whether at law or in chancery, can only be prosecuted by the party or parties praying it, and upon compliance with the statutory requirements. It is a statutory, not a common law right. While this is a suit in equity and it may be that the defendants who are sued as representing all the subscribers were entitled to prosecute the appeal, they have not done so. The answer to the bill is "the joint and several answer" of the defendants named, and does not purport to be the answer of "The Merchants Underwriters at Indemnity Exchange," of which the answer states the complainant "became a member or subscriber," when he entered into the agreement mentioned in the bill. And yet it is this unincorporated voluntary association alone which undertakes to perfect an appeal from a judgment in which it is not a party defendant, and which executes the appeal bond as if it was a corporation. It is true that the decree, while finding that the Merchants Underwriters at the Indemnity Exchange is an unincorporated voluntary association, and that its subscribers consist of more than five hundred persons, orders, adjudges and decrees that the complainant "recover of and from the said defendant association the sum of $32,512.50," with costs. The decree further directs, however, that this money be paid by individual defendants named, "out of funds in their hands belonging to the said subscribers." Except as thus referred to in the decree, we do not find the association named or referred to as a defendant in the record, and, as a matter of fact, it is individual subscribers who are made defendants, and it is money of the subscribers which the decree disposes of. None of these attempts to appeal, and no one else can. Even if the unincorporated association, as such, could be deemed one of the defendants who joined in the appeal, it would still be necessary that all the defendants who joined in the appeal and to whom it was allowed should join in perfecting it, in order to give this court jurisdiction.

We have no jurisdiction to entertain an appeal except in accordance with the provisions of the statute. These require the party praying an appeal to give within the time limited by the court, and file in the office of the clerk of the court from which the appeal is prayed, a bond in the amount fixed by the court, with sufficient security. Practice Act, R. S., Chap. 110, Sec. 68. As said in Hauger v. Gage, 168 Ill. 365-368: "The correct practice would have been for defendants in error to enter a formal motion to dismiss the writ (appeal) on this ground; but the court may properly enter that order upon the argument made on the merits of the case. We cannot be required, upon the state of the record indicated, to go through the idle ceremony of passing upon the errors assigned."

The appeal must be dismissed.

*Appeal dismissed.*