HELENA FLEMING *et al.* Appellees, *vs.* MICHAEL P. REHEIS, Appellant.

*Opinion filed October 24, 1916.*

1. EQUITY—*when equity may retain jurisdiction.* Where a bill is filed to obtain equitable relief and the evidence sustains the grounds for such relief the court will retain the bill and afford that relief even though, incidentally, it may be necessary to find and pass upon legal rights.

2. SAME—*when the court should not retain jurisdiction.* If the evidence fails to sustain the facts upon which the right to equitable relief is based, leaving merely legal rights to be ascertained and passed upon, the jurisdiction of the court fails and the parties must be remitted to their action at law.

3. SAME—*question of non-delivery of deed may be determined in an action at law.* Where a bill is filed to set aside a deed and enjoin the prosecution of an action of ejectment on the ground that the deed was obtained by fraud and was never delivered but the proof fails to sustain the charge of fraud, thus leaving the

question of non-delivery the only one to be determined, the court should not retain the bill but should leave the complainants to interpose their defense of non-delivery to the suit in ejectment.

4. DEEDS—*deed has no binding force unless delivered.* A deed has no binding force as a conveyance unless it has been delivered, and the question of delivery must be determined from a consideration of all the evidence showing the intention of the parties.

5. SAME—*consideration in an acknowledged warranty deed can not be contradicted.* The consideration in an acknowledged warranty deed cannot be contradicted by parol evidence for the purpose of destroying the effect of the deed as a conveyance.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

KEEFE & SULLIVAN, for appellant.

SCHAEFER & KRUGER, and BARTHEL, FARMER & KLINGEL, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellees, Helena Fleming and Catherine Grossheim, filed a bill in chancery to the April term, 1914, of the circuit court of St. Clair county, against appellant, to set aside a deed from appellees and others to appellant and his wife, Pauline C. Reheis, for certain real estate situated in the city of East St. Louis, and to perpetually enjoin appellant from prosecuting a certain suit in ejectment to recover the said real estate. It is alleged in the bill, in substance, that on the 21st day of July, 1908, Julius Fleming died in said city, leaving him surviving Helena Fleming as his widow and Catherine Grossheim, Elizabeth Fleming and Pauline C. Reheis as his only children and only heirs, and that he made a will during his lifetime, which was duly probated in the probate court of St. Clair county August 24, 1908; that he died seized in fee of considerable amount of real estate situated in said county; that by the third clause of his will he devised certain parts of his real estate to his widow, Helena Fleming; that by paragraph 5 thereof he

devised certain other parts of said real estate to his daughter Pauline C. Reheis, which is the real estate in controversy in this suit; that by paragraphs 6 and 7 thereof he also devised certain parts of said real estate to Catherine Grossheim and Elizabeth Fleming, the said devises to his daughters being for and during their lifetime; that by paragraph 8 of his will it is provided that said devisees shall pay all taxes and assessments levied against their respective property, and that each of them shall keep her property in good repair, etc.; that by paragraph 11 thereof it is provided that in case any of his said children shall die leaving issue, then such issue shall inherit their mother's property in fee simple; that by paragraph 12 it is provided that after the death of the said wife and children the said real estate shall descend to his grandchildren, and in case there are no grandchildren the same shall go to the nearest relatives of the deceased and of his said widow. The bill charged that within a few days after the death of Julius Fleming appellant began to importune appellees and Elizabeth Fleming to execute deeds and papers so that he could obtain the possession and control of all of their property aforesaid; that they refused to execute a deed of any kind to appellant or his wife; that appellant was engaged in the real estate and loan business and was a shrewd and successful business man and the confidential adviser of appellees and transacted business for them; that appellees had scant and meager education and understood very little of the English language and were compelled to rely on the representations and honesty of persons with whom they transacted business, and that they relied upon the representations made by appellant to them; that appellant knew that appellees and Elizabeth Fleming would refuse to execute any deed to him or his wife; that on February 26, 1909, appellant and his wife went to the residence of appellee Helena Fleming at nine o'clock at night and fraudulently represented that the devisees in said will would encounter diffi-

culties in collecting rents, paying taxes, making repairs, etc., and fraudulently suggested that papers be executed by the widow and children of said testator which would authorize Pauline C. Reheis to control the property devised to her during her life, to collect the rents thereof and make the necessary repairs without interference on the part of the other devisees; that thereupon the appellees and Elizabeth Fleming, relying on the truthfulness of the statements of appellant and his wife as to the purposes and objects of the papers to be signed by them and having full faith and confidence in such statements, signed a paper purporting to be as represented; that neither of appellees knowingly and intentionally signed or delivered a deed for any of the premises described in said will; that if appellees and Elizabeth Fleming signed the deed in question it was done under the fraudulent representations made by appellant and his wife that they were simply signing a paper which would authorize Pauline C. Reheis to have control of the property devised to her without interference from the other heirs and devisees, and that there was no consideration whatever for the deed in question and that the same was never delivered; that on or about August, 1913, appellant told appellees he had a deed to the aforesaid premises devised to his said wife, Pauline C. Reheis, and on examining the records of said county thereafter, for the first time ascertained that there is recorded in the recorder's office in said county a deed purporting to convey to Pauline C. Reheis the land devised to her by said will and which is the same land described in the declaration in said ejectment suit. The bill further alleges that Elizabeth Fleming died intestate July 10, 1911, without leaving any children or issue of children and without any husband surviving her; that Pauline C. Reheis died February 13, 1913, leaving no issue, and by her last will and testament, which was duly probated, devised and bequeathed all of her property to her husband, Michael Reheis.

The answer of appellant denied the allegations of the bill *in toto* as to the said charges of fraud, and alleged that appellant and his wife went to the residence of the appellees on February 26, 1909, in the evening, pursuant to an agreement among all the parties aforesaid, for the purpose of making mutual deeds to the property devised by said will, so that each one of the sisters might hold the property given to her for life under the will for the lifetime of the others or during the lifetime of the survivor of them, and that appellees and all of the devisees under the said will executed and delivered deeds to each other for the real estate given to each of the devisees by said will, and that said deeds were executed and delivered understandingly and voluntarily by each of the devisees, including appellees, and averred that the consideration for each of said deeds was, in fact, the execution and delivery of the other deeds aforesaid.

The cause was referred to the master in chancery to take the evidence and report his findings thereon of the facts and his conclusions as to the law. The master found in favor of appellant and against appellees as to all charges of fraud contained in the bill, and expressly found that the evidence fails to show that the deed in question was procured by fraud. He also found that there was no consideration for the deed in question and no delivery of any of the deeds aforesaid and that therefore all of them were null and void, and recommended that a decree be entered against appellant for costs of suit. Objections were filed to the master's report and overruled and by order of court were allowed to stand as exceptions to the master's report. On hearing before the court the exceptions were overruled, and the court entered a decree finding that the deed was null and void upon the same grounds as held by the master and ordered it set aside and canceled and that appellant be perpetually enjoined from the further prosecution of the said suit in ejectment, and this appeal followed.

Appellant denied in his answer that appellees were without remedy except in a court of equity, and averred therein, and argues in this court, that if appellees have any remedy at all it is at law. The pleadings therefore raised before the lower court, and also before this court, the question whether or not the chancellor had any jurisdiction to decide this cause. (*Stout* v. *Cook,* 41 Ill. 447; *Clemmer* v. *Drovers' Nat. Bank,* 157 id. 206.) Where a bill is filed to obtain equitable relief and the evidence sustains the grounds for such relief the court will retain the bill and afford that relief, although it may be necessary, incidentally, to find and pass upon legal rights; but where the bill is dismissed as to the portion founded on the right to equitable relief, or the evidence fails to sustain the facts charged that warrant such relief and only leaves legal rights to be ascertained and passed upon, the jurisdiction of the court must fail unless some equitable ground appears for retaining the bill. (*Daniels* v. *Green,* 42 Ill. 472; *County of Cook* v. *Davis,* 143 id. 151.) The sole ground upon which the decree in this case is based is, that all four of the deeds mentioned in the bill of complaint were without any consideration whatever and that none of them were delivered. Really the only ground upon which the decree of the court can be based is that there was no delivery of any of the deeds. The master in chancery and the court both found against appellees on the charges of fraud, and there is no reason, so far as has been suggested or as appears from the record, why the court should retain the bill simply to decide the case on the question whether or not the deeds were delivered. That defense is a legal defense and is available to appellees in the action of ejectment. It is most elementary that no deed has any binding force whatever, at law or equity, unless it was delivered. In fact, it is no deed unless it has been delivered.

The deed in question is a warranty deed and recites that the consideration is one dollar and other good and valuable consideration in hand paid, and from the evidence

it appears that all the other deeds mentioned are in like form with like recitals. It is the rule, both at law and in chancery, that a consideration in such a deed, duly acknowledged, cannot be contradicted by parol for the purpose of destroying the legal effect of the deed as a conveyance. The grantor is estopped to make any such claim when the effect of his claim is to deny the validity of the deed. (*Kimball* v. *Walker,* 30 Ill. 482; *Redmond* v. *Cass,* 226 id. 120; *Russell* v. *Robbins,* 247 id. 510.) The real consideration for the making of the deeds in question, as appears from the evidence, had there been a delivery, was the mutual promises of·the parties to make deeds to each other, and with delivery of each of the deeds the consideration would have been valid and binding on the parties, hence our conclusion that the only real question in this case is on the question of delivery of the deeds.

As the cause will have to be reversed for the reasons already given, it is not necessary to recite the evidence, or the substance of it, in this opinion, and as it will have to be tried at law it would not be proper for us to discuss the merits of the evidence. Appellant was entitled to have his case tried by a jury, as appellees' remedy is at law. In view of some of the discussion in the briefs, we will further say that on the question whether or not there was a delivery of the deed in question it is proper to consider all the evidence bearing upon the question of the execution and delivery of all the deeds, as the delivery of a deed must necessarily depend, in every instance, upon the intent of the parties. The intent as to the delivery of any one of the four deeds must necessarily depend upon what was said and done by all the parties at the two places where acknowledgments of the deeds were taken.

The decree of the circuit court is reversed.

*Decree reversed.*