(No. 31604.—

EDWARD C. TUREK, Appellant, *vs.* MILDRED M. MAHONEY, Appellee.

*Opinion filed November 27, 1950.*

H. L. BRODY, and PHILIP A. SHAPIRO, both of Chicago, for appellant.

B. M. STEINER, of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff, Edward C. Turek, appellant here, filed his amended complaint, seeking construction of article 2 of the last will and testament of his father, claiming that by that article of the will he is entitled to an undivided one-half interest in certain real estate in Cook County, owned at the time of testator's death by the testator and defendant, Mildred M. Mahoney, appellee here, as tenants in common. On defendant's motion the complaint was dismissed for want of equity and plaintiff brings this direct appeal, a freehold being involved.

The will in article 1 provides generally for payment of testator's debts and gives the sum of one dollar to each of three named children of testator. Article 2 then provides: "All of the rest, residue and remainder of all my property, real, personal and mixed, and all effects of every kind, nature and description whatsoever which I now have, may die possessed of, or may be entitled to, I give, devise and

bequeath as follows: (a) one-half ($\frac{1}{2}$) thereof to my son EDWARD C. TUREK. (b) one-half ($\frac{1}{2}$) thereof to my beloved step-daughter, MILDRED M. MAHONEY. to be theirs respectively, exclusively and forever." Article 3 provides for the appointment of Mildred M. Mahoney as executrix and orders distribution.

The controversy arises over the construction to be placed on article 2 of the will as above set forth. The amended complaint alleges that plaintiff, Edward C. Turek, is the son of testator by his deceased first wife and that defendant, Mildred M. Mahoney, is the daughter of testator's second wife, Anna Turek, deceased; that shortly after testator's marriage to Anna Turek he purchased the real estate involved here with his own funds and took title in his own name; that thereafter, without any consideration, testator, through a mesne conveyance, placed title in himself and his wife, Anna Turek, as joint tenants for the purpose of so disposing; that upon the death of himself or his wife the survivor of them should automatically have title in fee simple to the premises. It is further alleged that, without the knowledge of the testator, Anna Turek executed a quitclaim deed conveying her interest to the defendant, Mildred M. Mahoney; that Anna Turek died on June 4, 1946, and on that date the quitclaim deed was recorded. Testator died on October 4, 1947, leaving the will here in question, which has been probated and the estate closed.

It was alleged in the complaint that from the time of its purchase until his death the testator was in full and complete possession of the property; that he understood he owned it in fee simple after his said wife's death and made statements to various persons expressing such understanding; that the language of the will was used by the testator with that understanding and that the words of article 2 express an intention that the named beneficiaries should receive not one-half each of an undivided one-half

interest, but that each should have an undivided interest in the whole property; that if defendant is to share in the estate under the will, she must accept the gift as testator understood and intended it to be, and she is estopped to claim any share in the estate unless she elect to renounce the interest in the property obtained by her under the quitclaim deed from her mother. The complaint asserts that the court should hear extrinsic evidence on the matter of testator's intention so that it may place itself in the position of testator and construe the will.

Defendant moved to strike the amended complaint on the ground that the language of the will is clear and unambiguous and therefore equity has no jurisdiction to construe it. The motion to strike the amended complaint was sustained and the cause was dismissed for want of equity.

The errors assigned are (1) The court erred in dismissing the amended complaint for the reason that the will, though clear and unambiguous on its face, contains a latent ambiguity when applied to the property here in controversy; (2) that the amended complaint alleges and the motion to strike admits that defendant has collected all the rents and profits from the property and has refused to account therefor to plaintiff.

The crucial question is whether there is a latent ambiguity in the language of the will which will give equity jurisdiction to construe it. It is to be observed the appellant concedes the validity of the will and that the language of the controverted article 2 is clear and unambiguous on its face. The validity of the quitclaim deed from Anna Turek to defendant is not questioned, and it is conceded that the effect of that conveyance was to sever the joint tenancy and render testator a tenant in common with defendant, the grantee therein. It is also conceded that testator was charged with knowledge of the law and that he did not, in fact, have knowledge of the conveyance of Anna Turek to defendant.

It is first contended by plaintiff that equity will entertain a complaint for the construction of a will clear on its face if it involves a latent ambiguity when read in the light of extrinsic facts. As an abstract proposition of law, that is correct. (*Appleton* v. *Rea,* 389 Ill. 222.) The precise question is whether the facts alleged in the instant complaint are such as to invoke that rule. Article 2 of the will forms a residuary clause and, as such, purports to dispose of all the property remaining in testator's estate after satisfaction of specific bequests as contained in article 1. Plaintiff contends that, in view of the alleged understanding of the testator that he was sole owner of this property, this language must be read as giving to plaintiff, not one half of testator's one-half interest, but one half of the whole property, and great reliance is placed upon the case of *Alford* v. *Bennett,* 279 Ill. 375. In that case a latent ambiguity is defined as one which arises not upon the words of the will as they appear, but upon those words when applied to the object or subject which they describe. Thus, it was there said that such an ambiguity may arise either when the will names a person as the object of the gift or a thing as the subject of it and there are two persons or things that answer such name or description, or, second, when the will contains a misdescription of the object or subject, as where there is no such thing in existence, or, if in existence, the person is not the one intended or the thing does not belong to the testator. This court there reaffirmed the well-settled rule that oral proof is not admissible to reform, alter, add to or detract from the terms of a will but may be admitted for the purpose of understanding the circumstances by which the testator was surrounded. *Appleton* v. *Rea,* 389 Ill. 222.

In the *Bennett case,* relied upon by plaintiff, the testator made a specific devise of a twenty-five-acre tract of land which he described as being the north part of the northeast quarter of section 17 in Livingston County. At the time

the will was made the testator did not own any land in the northeast quarter of section 17, but did own all of the northwest quarter in that section. A reference to other provisions of the will disclosed that the testator had disposed of all his real estate to his children except a twenty-five-acre tract, being the north part of the northeast quarter of the northwest quarter of section 17. The court there held that by rejecting the words "of the northeast quarter," which were not correct as used in the devise, the remainder of the words was sufficient to identify the subject of the devise with certainty. It seems obvious that this situation in the *Bennett case* is so different from the case here as to make that case inapplicable. The devise in that case was a specific one describing specific property. Here, the controversy hinges on a residuary clause which describes no property at all. The words of the devise in the *Bennett case* contained in themselves a falsity which could be rejected leaving words expressing the testator's intention with certainty. Here, there are no words of description which can be construed to apply to the property in question specifically. The language used in the instant case contains no falsity even when applied to the residuum. Pointedly, in the instant case there is no ambiguity, latent or otherwise, unless it be made to rest on the subjective intention of the testator. It is apparent the contention of the plaintiff is that the allegations of the complaint show a different intention in the mind of the testator than that expressed in the words of the will as applied to the subject and object of the gift. On that basis plaintiff urges that the language requires construction and that it was error to dismiss his amended complaint.

The intention of a testator is to be ascertained in two ways, either from the words employed by him, to which all rules of construction give way, or by finding his presumed intention gathered by the application of rules of construction applicable to all cases where the meaning is

obscure, doubtful or uncertain. (*Smith* v. *Shepard,* 370 Ill. 491.) The object of construing a will is to ascertain the intention of the testator, which must be gathered from the words of the will itself, and the intention so gathered must not be one which may have existed in the mind of the testator apart from such language. (*Cahill* v. *Michael,* 381 Ill. 395; *Norton* v. *Jordan,* 360 Ill. 419.) Evidence respecting the intention of a testator separate and apart from that conveyed by the language of the will is not admissible for the purpose of interpreting it. (*Appleton* v. *Rea,* 389 Ill. 222.) A will cannot be reformed to conform to any intention of the testator not expressed in it, no matter how clearly a different intention may be proved by extrinsic evidence. *Knight* v. *Knight,* 367 Ill. 646; *Graves* v. *Rose,* 246 Ill. 76.

Appellant strenuously contends the case of *Hoffner* v. *Custer,* 237 Ill. 64, is authority for the proposition that although extrinsic evidence is not admissible to vary the terms of a will, it is admissible to show what the testator meant by the language he used. In our opinion, that case is not in point here, for the reason that provisions of the will there involved made a gift of specific property and it was made to appear that there had been two plats made of the property involved based on different surveys, which made the description ambiguous in that it could be applied to either of them. The situation there is not comparable and that case cannot control this one.

Lastly, it is contended by plaintiff that in any event he is entitled to a one-fourth interest in the property and is entitled to an accounting of the rents and profits as prayed in the complaint. The amended complaint alleges that since the death of the testator defendant has collected all the rents, issues and profits from the real estate here involved and has refused to account to plaintiff therefor. The prayer in this regard is for the appointment of a receiver for an accounting.

The parties contended at length over the question whether one tenant in common is entitled to an accounting from another where no demand for such accounting has been made. Section 4a of the Joint Rights and Obligations Act (Ill. Rev. Stat. 1949, chap. 76, par. 5,) and the case of *Clarke* v. *Clarke,* 349 Ill. 642, determine such question in the affirmative and in a proper case such an accounting may be had. The difficulty here, however, is that the complaint contains no allegation that the accounting between the parties is complex or that an adequate remedy does not exist at law. Plaintiff merely asserts that defendant has collected all the rents and profits from the property in question and has refused to account therefor. A similar question arose in the case of *Webster* v. *Hall,* 388 Ill. 401, and we there held such a general allegation was insufficient to give a court of equity jurisdiction to order an accounting. The following language of the case seems pertinent here: "While it is true that if a court of equity acquires jurisdiction on any equitable ground it may afford complete relief, such as an accounting, yet in the first instance there must be some basis upon which the jurisdiction of equity can attach." It would seem that primary requisite is lacking here.

We have examined the question pertaining to a gift and also the question of the equitable doctrine of election and are of the opinion they are insufficient and do not justify a further analysis, in view of our holding as above pointed out.

We are of the opinion the decree below dismissing the complaint for want of equity was justified. Therefore, the decree of the superior court of Cook County is affirmed.

*Decree affirmed.*