MELVIN S. MURLEY, Plaintiff-Appellant, v. LOCAL UNION No. 147 of the BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPER HANGERS OF AMERICA, AFL-CIO, et al., Defendants-Appellees.

(No. 55363; ▮▮▮▮▮▮)

First District—July 14, 1971.

Paulson & Ketchum, of Chicago, (Chester J. Cross, of counsel,) for appellant.

Hugh J. McCarthy and Antone F. Gregorio, both of Chicago, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County dismissing the plaintiff's complaint for money damages.

The issues on appeal are whether a labor union operating in the form of a voluntary unincorporated association may be sued in its own name, and whether the Chancery Division of the Circuit Court has jurisdiction to assess money damages against a labor union operating as an unincorporated association.

The plaintiff, Melvin S. Murley, is a member of the defendant labor union, Local Union No. 147 of the Brotherhood of Painters, Decorators and Paper Hangers of America, AFL-CIO. He was elected to the office of Outside Clerk of the local on June 25, 1966, and was appointed to its Sick Committee on October 10, 1966. The by-laws of the local union provide as follows:

"(a) Sec. 16. * * * The Outside Clerk shall receive one-half a day's pay per meeting and shall be elected by the Local Union at the regular three year election."

(b) Sec. 37. * * * The President at the beginning of each

quarter shall appoint a Sick Committee of one to be rotated quarterly. His duty shall be to visit all sick or injured members for which he shall be paid two days pay per week and report every meeting to the Local Union. He must be physically able to fulfill his duties."

There is no prohibition in the by-laws that would prevent plaintiff from holding two offices simultaneously and from being compensated for both. However, during his terms of office, Murley received only a total of one and one-half days' pay. He claims $5,056.80 is due and owing.

After making repeated demands and exhausting all remedies as provided in the Constitution of the defendant labor union's national organization and its local by-laws, he commenced this representative action in the Chancery Division of the Circuit Court to recover the amount due him.

The defendants are Local Union No. 147 of the Brotherhood of Painters, Decorators and Paper Hangers of America, AFL-CIO; John Glancy, President, and Stewart McLean, Financial Secretary-Treasurer, individually and as representatives of a class to which they belong. After being properly served with service of summons, the defendants appeared specially before the trial court on a motion to quash return of service of summons and to dismiss the complaint, alleging, among other things, that the trial court lacked jurisdiction to determine the merits of this case because it is an action at law and not cognizable in chancery, and that the defendant labor union could not be sued in its own name under the law of the State of Illinois. The individual defendants alleged that the complaint against them is substantially insufficient in law. A preliminary hearing on this motion was held on April 30, 1970. On May 19, 1970, and June 23, 1970, the trial court entered the orders striking and dismissing plaintiff's complaint on the basis that the plaintiff did not state a cause of action which could be maintained in the Chancery Division of the Circuit Court, and that the defendant labor union could not be made a defendant in its own name under the law of the State of Illinois.

■■■ The law in Illinois is well settled that a labor union operating as an unincorporated association cannot be sued in its own name for a money judgment. (*Cahill v. Plumbers, etc., Local 93, et al.* (1925), 238 Ill.App. 123; *Biller v. Egan* (1937), 290 Ill.App. 219.) There is no authority for the proposition that a complaint for money damages can be maintained against an unincorporated association as a class action without any prayer for equitable relief. In the case of *Cox v. Shupe* (1963), 41 Ill.App. 2d 413, the court stated:

"We have carefully examined many of the cases involved. It has been held in a number of these cases that where the parties are

numerous and it is impracticable to bring all before the Court, service upon a party, who acts for other members of the association as well as themselves, will be sufficient service upon the whole * * * This rule, with only two possible exceptions, has never been extended to law cases. And while it has been sought to extend the rule to law suits, the Courts have resisted such extension."

The court further said:

"We note that in the recently revised edition of Nichols Illinois Civil Practice, the author, at Section 281, acknowledges that the so-called class suit or representative suit whereby one sues or is sued on behalf of members of a class or group is an invention of equity, and states categorically that 'There is no authority for an action at law against a defendant in a representative capacity or for an action at law by a plaintiff in a representative capacity.'"

The two exceptions mentioned above and cited by plaintiff here (*Bayci v. Rango* (1940), 304 Ill.App. 203; *Fitzpatrick v. Rutter* (1896), 160 Ill. 282) are discussed in the *Cox* opinion, where the court said:

"We do not consider these authorities to be ruling precedents in a law case. In *Fitzpatrick* the comments pertaining to the rule involved were dicta, for the court had already decided that the defendant was estopped from denying its corporate existence. In *Bayci* the rule was only applied to prevent an utter failure of justice."

The case at bar is an action at law without any prayer for equitable relief upon which the Chancery Court could take jurisdiction. The plaintiff cites *Dinoffria v. International Brotherhood of Teamsters & Chauffeurs Local Union No. 179, et al.* (1947), 331 Ill.App. 129, as well as several similar cases, to stand for the proposition that the Chancery Court has jurisdiction to assess money damages against a labor union. In the case of *Collins v. Barry* (1956), 11 Ill.App.2d 119, the court stated:

"Plaintiffs rely on the Dinoffria case (331 Ill.App. 129) for their right to have their damages set in a court of chancery. The condition on which that right was predicated in the Dinoffria case—the granting of equitable relief—is absent here. Upon the allegations before us we cannot hold that plaintiffs may sue in equity for the damages claimed."

■■ In the instant case the Chancery Court was correct in allowing the motion to dismiss, and the order is affirmed.

Order affirmed.

ADESKO, P. J., and BURMAN, J., concur.