FRED BOOZER, Plaintiff-Appellant-Cross-Appellee, *v.* UNITED AUTO WORKERS OF AMERICA, AFL-CIO, LOCAL 457, Defendant-Appellee-Cross-Appellant.

(No. 54886;

First District—February 3, 1972.

Philip E. Howard, Philip A. Doran, and Jerome H. Torshen, all of Chicago, for appellant.

Katz & Friedman, of Chicago, (Harold A. Katz, Irving M. Friedman, Jerome Schur, and Charles Barnhill, Jr., of counsel,) for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal by the plaintiff-appellant-cross-appellee, Fred Boozer, hereinafter referred to as plaintiff, from a ruling by the trial court grant-

ing the motion of the defendant-appellee-cross-appellant, hereinafter referred to as defendant, to strike the plaintiff's second amended complaint for failure to state a cause of action and denying plaintiff leave to make a further amendment to his complaint. The cross-appeal by the defendant is from a ruling of the trial court denying his motion to quash service of process.

We reverse the ruling raised by the cross-appeal.

The facts in this case are as follows. In July of 1964, while attending a picnic sponsored by the defendant, the plaintiff was attacked and beaten by another man who was also in attendance at the picnic. It was alleged by the plaintiff that his attacker was intoxicated at the time of the incident and that this intoxication was a result of the alcoholic beverages served by the defendant at the picnic.

In October of 1964, the plaintiff filed a three count complaint against, among others, the defendant in its association name. Count I was a statutory dram shop complaint. Count II alleged that defendant operated a dram shop at the picnic and, therefore, had a duty to exercise due care to insure that violent or abusive persons did not injure other patrons of such dram shop, including the plaintiff, and, further, that the defendant had failed to fulfill its duty, and as a result plaintiff was seriously injured. Count III was a count seeking to recover purported lost earnings allegedly so lost as a result of the injuries received by the plaintiff, which injuries were the result of the defendant's actions as set out in Counts I and II. Service of process was made upon one Edgar Milby, an agent or officer of the defendant, which was described in the summons as a corporation. In November, 1964, attorneys of the dram shop insurance carrier filed a special and limited appearance as attorneys for Milby objecting to the jurisdiction of the trial court over the defendant on the grounds that the defendant was a voluntary unincorporated association and was never at any time a corporation. These attorneys moved to have the court quash service of process. This motion was denied. Subsequently, the defendant, through the aforementioned attorneys, filed its answer as to Counts I and III only denying liability. All further pleadings filed by these attorneys spoke only to Counts and III.

On December 4, 1969, when the case came up for trial, Counts I and III were settled and were dismissed by the trial court on motion of the plaintiff. Also, the plaintiff filed two amendments to his complaint. His first amended complaint added a paragraph to Count II, which was the only remaining count, charging defendant with doing business in violation of the Illinois "assumed name statute." Plaintiff's second amended complaint charged that the plaintiff was a "business invitee" at the picnic and was injured by the failure of the defendant to exercise the

duty of care owed to the plaintiff as a result of his alleged "invitee" status. Further, on December 4, 1969, the attorneys who represent the defendant on this appeal filed a special and limited appearance, before the trial court, with respect to Count II, to object to the trial court's jurisdiction over the defendant. These attorneys filed a motion to quash service on the grounds that the defendant was not subject to process in its association name. This motion was denied. The trial court then denied an oral motion by plaintiff for leave to further amend his complaint and dismissed plaintiff's second amended complaint for failure to state a cause of action.

The plaintiff appeals claiming that his second amended complaint did state a cause of action, and, therefore, the trial court erred in dismissing it and further that the trial court abused its discretion in denying plaintiff leave to file a third amended Count II.

The defendant cross-appeals claiming that the trial court erred in denying its motion to quash on the grounds that it cannot be sued in its association name.

In rendering our opinion we will speak only to the issue raised by the defendant's cross-appeal, since we think the determination thereof is dispositive of this appeal.

The defendant argues in support of its cross-appeal that it has been the consistent position of Illinois law that an unincorporated voluntary association such as a labor union is not susceptible to suit in its association name. Defendant notes that it was on this basis that it moved to quash service at the special and limited appearance made by its attorneys on December 4, 1969, objecting to the trial court's jurisdiction over the defendant. Therefore, defendant argues that the failure to grant such motion was reversible error on the part of the trial court.

Further, the defendant argues that it has not waived its objection to jurisdiction because the special appearance in 1964 of the dram shop carrier's attorneys and all further pleadings filed by such attorneys related only to Counts I and III of the complaint. Defendant says it is a general rule that each count of a complaint states a separate cause of action and as such it alleges that the only action taken as to Count II was the December 4, 1969, special appearance and motion to quash service made by the attorneys representing defendant in this appeal, and that the denial thereof was directly appealed to this court.

Finally, defendant insists that there was no waiver of its objection to jurisdiction even if we go back to 1964, and look to the actions of the dram shop carrier's attorneys acting for Edward Milby. This is so, defendant argues, because of Ill. Rev. Stat. 1969, ch. 110, par. 20(3) which states in pertinent part:

"* * * Error in ruling against the defendant on the objection is waived by the defendant's taking part in further proceedings in the case, *unless the objection is on the ground that the defendant is not amenable to process issued by a court of this state."* (Emphasis added.)

Defendant urges that the motion to quash in the 1964 special appearance and the 1969 special appearance and motion to quash as to Count II were on the grounds that the defendant was not susceptible to process, and, therefore, defendant has not waived its objection.

The plaintiff argues, in response to defendant's cross-appeal, that defendant has waived the issue of whether it may be sued in its association name by failing to raise it prior to appearing generally in the trial court. That is, the plaintiff argues that in 1964 when the attorneys of the dram shop insurance carrier, acting for Edward Milby, answered the complaint after their special and limited appearance for the purpose of objecting to the jurisdiction of the trial court, these actions constituted a general appearance which had the effect of waiving any objections defendant had to the jurisdiction of the trial court over it in accord with the provisions of our Civil Practice Act. Ill. Rev. Stat. 1969, ch. 110, par. 20(1).

The plaintiff argues further that even if this court decides there was no waiver and that the issue of whether defendant may be sued in its association name is properly before us, we should hold that the defendant was properly sued. Plaintiff urges that the capacity of an association to be sued in its common name arises by necessary implication from Illinois statutes. Plaintiff cites in support of this argument several sections of various Illinois statutes including among others our Anti-Trust Act (Ill. Rev. Stat. 1969, ch. 38, par. 60—4), the Illinois Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 2—15), and the Illinois Fair Employment Practices Act (Ill. Rev. Stat. 1969, ch. 48, par. 852(d)), all of which plaintiff asserts recognize unincorporated association as legal entities for purposes of the particular acts. Finally, plaintiff argues that in any event the judicial doctrine that an association may not be sued in its common name should be discarded, because it has outlived its purpose and is now contrary to public policy. That is, plaintiff argues that modern unincorporated associations such as labor unions are, except for a corporate charter, as a practical matter in no way different from modern corporations and that Illinois statutes, such as those mentioned previously, allowing associations such as unions to be recognized as legal entities for purposes of the statutes indicate a new policy which is in contradiction to the common law doctrine that an association cannot be sued in its association name.

■■■ With regard to the issue of waiver, we must agree with the defendant that it has not waived its objection to the question of the jurisdiction of the trial court over it. It is a general rule that each count of a complaint is a separate complaint in law and must state a complete cause of action. (*Herman v. Prudence Mutual Casualty Company* (1969), 41 Ill.2d 468, 244 N.E.2d 809.) The record establishes that all of the pleadings by the attorneys for the dram shop carrier, appearing for Edward Milby, spoke exclusively to Counts I and III of the complaint which were the statutory dram shop counts. The only pleading pertaining to Count II was the motion to quash service made in 1969. The denial of that motion was not followed by any general appearance but was immediately appealed. Thus, no waiver of the right to appeal that denial occurred, and the matter is now properly before us. This rule of treating each count as a separate cause of action has the advantage of encouraging quick disposition of uncontested or weak counts. This advantage is, as noted by the defendant, highlighted by the instant facts. That is, an association such as U.A.W. having dram shop insurance may wish to consent to jurisdiction on any dram shop counts. This makes possible immediate settlement thereof and still preserves all defenses on any additional counts.

■■■ With regard to plaintiff's argument that we should hold the defendant to have been properly sued, either on the grounds that such a result is one of necessary implication by reference to other Illinois statutes, as cited by plaintiff, or as a matter of changing an outmoded policy, we cannot agree. Although plaintiff's arguments on this issue are able and imaginative, we are vividly aware that it has been the unwavering position of Illinois courts that an unincorporated voluntary association cannot be sued in its association name. (*Kingsley v. Amalgamated Meat Cutters, etc.* (1944), 323 Ill.App. 353, 55 N.E.2d 554; *Cahill v. Plumbers, Gas & Steam Fitters' & Helpers' Local 93* (1925), 238 Ill. App. 123; *Biller v. Egan* (1937), 290 Ill.App. 219, 8 N.E.2d 205.) Just recently this rule has been affirmed by this court in the case of *Murley v. Local Union No. 147 of the Brotherhood of Painters, Decorators and Paper Hangers of America, AFL-CIO et al.* (1971), Ill.App.Ct. No. 55363, 273 N.E.2d 538. Leave to appeal denied November 29, 1971, Ill.Sup.Ct. No. 44662.

This court does not now find sufficient reason to contravene such strong and consistent precedent.

Judgment reversed.

DEMPSEY and McNAMARA, JJ., concur.