(No. 47414.—

# AMERICAN FEDERATION OF TECHNICAL ENGINEERS, LOCAL 144, Appellee, v. THOMAS A. LA JEUNESSE *et al.*, Appellants.

*Opinion filed March 29, 1976.—Modified on denial of rehearing May 27, 1976.*

GOLDENHERSH, KLUCZYNSKI, and CREBS, JJ., dissenting.

E. Allan Kovar and Christopher B. Nelson, of Chicago (Schiff, Hardin & Waite, of counsel), for appellants.

Gilbert Feldman of Kleiman, Cornfield & Feldman, of Chicago, for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

We granted the defendants leave to appeal under our Rule 315 (58 Ill.2d R. 315) from a judgment of the appellate court reversing the dismissal of the plaintiff's complaint in the circuit court of Cook County. The appellate court held that the plaintiff, a union and a voluntary unincorporated association, had capacity to bring in its own name a representative suit in law. 25 Ill. App. 3d 765.

On January 19, 1972, the plaintiff, Local 144, American Federation of Technical Engineers, by Fred Bowen, its president, filed a complaint in the law division of the circuit court of Cook County seeking to recover

monetary fines which had been assessed against the defendants, Thomas A. La Jeunesse and other members of the union, and to recover costs and attorneys' fees. The complaint alleged that the defendants had violated the union's constitution and bylaws when they disobeyed instructions from the union to honor a lawful strike and picket line. The complaint further alleged that fines had been assessed under the union's disciplinary procedures and that each of the defendants had failed to pay his fine. On the defendants' motion the trial court dismissed the complaint on the ground the plaintiff lacked capacity to bring an action in law in its own name or in a representative suit.

A little more than six months later, on August 9, 1972, the union through its president, Fred Bowen, filed an amended complaint in equity containing substantially the same allegations. The complaint did not, however, seek judgment against each defendant in the amount of his unpaid fine, but prayed for an order directing the defendants to specifically perform their contractual obligations under the union's constitution and bylaws by paying the fines assessed against them. On the defendants' motion the trial court dismissed the amended complaint for the want of equity, holding that the remedy of specific performance to enforce a contract based on the union constitution and bylaws did not lie when only a payment of money was sought.

The appellate court reversed the trial court's dismissal of the complaint. It held that in view of the merger of law and equity (Ill. Rev. Stat. 1973, ch. 110, par. 31) and section 9 of article VI of the Constitution of 1970, which confers on the circuit court jurisdiction in all justiciable matters (Ill. Const. 1970, art. VI, sec. 9), an unincorporated association had the right to bring a representative suit in law to recover damages.

It has been generally held that an unincorporated association has no separate legal existence independent of

the members who compose it. (*Chicago Grain Trimmer's Association v. Murphy,* 389 Ill. 102, 107; *Butler Manufacturing Co. v. Department of Finance,* 383 Ill. 220, 228.) Thus, the common law rule was that a voluntary unincorporated association could not sue or be sued in its own name. If an action was to be brought by or against the association it was necessary that all members be joined as parties. (*Guilfoil v. Arthur,* 158 Ill. 600, 604; M. Forkosch, A Treatise on Labor Law 231-32 (2d ed. 1965).) This has been the generally accepted rule in Illinois. See *Burkhart v. Illinois Power Co.,* 9 Ill. App. 3d 139; *Boozer v. Local 457, UAW,* 4 Ill. App. 3d 611; *Murley v. Painter's Local 147,* 133 Ill. App. 2d 578; *Collins v. Barry,* 11 Ill. App. 2d 119; *Montgomery Ward and Co. v. Franklin Union, Local No. 4,* 323 Ill. App. 590; *Cahill v. Plumber's Local 93,* 238 Ill. App. 123; *Merchant's Underwriters v. Parkhurst-Davis Mercantile Co.,* 131 Ill. App. 617.

In a number of jurisdictions the rule has been changed, usually through legislation. (See Forkosch, *The Legal Status and Suability of Labor Organizations,* 28 Temple L.Q. 1 (1954).) At this time in Illinois there is a statute which permits certain unincorporated associations to sue and be sued in their own name in actions concerning their real estate. (Ill. Rev. Stat. 1973, ch. 30, par. 185.) If there are to be additional changes in the rule it should come through legislative action.

An exception to the general rule was developed in equity which allowed a representative suit to be brought in the names of a portion of the members of the association who were suing for themselves and also in behalf of all other members of the association. (*Guilfoil v. Arthur,* 158 Ill. 600, 606; *Carpenters' Union v. Citizens' Committee to Enforce the Landis Award,* 333 Ill. 225, 254; S. Puterbaugh, 1 Illinois Chancery Pleading and Practice 96-97 (7th ed. 1930).) In *Carpenters' Union* this court stated:

"Had the union been incorporated the bill might have been filed by the corporation in its own

name in behalf of all its members, but being a voluntary, unincorporated association the bill might be maintained by the members of the association in their names, or where, as in this case, the members are numerous and it is impracticable to bring them all before the court, the suit may be brought in the name of some of the members suing in behalf of all of the members, or it may be brought by the officers of the association or a committee appointed or authorized to prosecute it." 333 Ill. 225, 254.

While unincorporated associations have thus been permitted to bring representative suits in equity, representative suits at law have not been allowed. (*Cox v. Shupe,* 41 Ill. App. 2d 413, 420-21; Tornquist, *Roadmap to Illinois Class Actions,* 5 Loyola U.L.J. 45, 61 (1974).) In 1 Nichols Illinois Civil Practice, section 281 (1961), it is said: "There is no authority for an action at law against a defendant in a representative capacity or for an action at law by a plaintiff in a representative capacity." It is true that where the right to equitable relief is established the court may consider incidental legal matters so as to be in a position to grant full relief. (*Steele v. Rosehill Cemetery Co.,* 370 Ill. 405, 408.) However, unless the court has jurisdiction in equity there is no jurisdiction to award money damages or provide other legal relief. (*Turek v. Mahoney,* 407 Ill. 476, 483; *Webster v. Hall,* 388 Ill. 401, 408-09; *O'Donnell v. Henley,* 327 Ill. 406, 411; *Fleming v. Reheis,* 275 Ill. 132, 137; *Patterson v. Patterson,* 251 Ill. 153, 182-83; O'Shaughnessy, *Suits in Equity Contrasted with Actions at Law,* 1954 U. Ill. L.F. 1, 19.) This court in *Webster v. Hall* stated: "While it is true that if a court of equity acquires jurisdiction on any equitable ground it may afford complete relief, such as an accounting, yet in the first instance there must be some basis upon which the jurisdiction of equity can attach. That primary requisite is lacking here." 388 Ill. 401, 408-09.

The trial court dismissed the plaintiff's complaint for want of equity. On appeal to the appellate court the plaintiff contended the trial court erred and that it had a right to specific performance. The appellate court did not consider whether the trial court had erred in denying specific performance but based its reversal of the trial court on the erroneous ground that an unincorporated association could bring a representative suit at law. However, we consider there is no necessity of remanding the cause. It is generally held that courts in the absence of circumstances of unfairness will not intervene in questions involving the enforcement of bylaws and matters of discipline in voluntary associations. There are no circumstances here to warrant judicial intervention. *Engel v. Walsh,* 258 Ill. 98; *Van Daele v. Vinci,* 51 Ill.2d 389.

Accordingly, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. The demise of the archaic fiction that "an unincorporated association has no separate legal existence *independent of the members who compose it*" (slip opinion, page 2) is long overdue. The General Assembly has acknowledged the separate, independent, legal existence of such entities by enactment of "An Act authorizing unincorporated fraternal and social organizations to acquire, hold and convey real estate ***" (Ill. Rev. Stat. 1975, ch. 30, par. 183 *et seq.*), which conferred upon such an entity the power to own real estate for "its own use and benefit" and to sue and be sued in actions concerning it.

The majority suggests that if there are additional changes in the common law rule that such an entity cannot sue or be sued in its own name "it should come through legislative action" (slip opinion, page 2). The short answer to that position is, to paraphrase the language of *Molitor v.*

*Kaneland Community Unit District No. 302,* 18 Ill.2d 11, 25, that the courts created the rule without the aid of the General Assembly and can in like manner change it.

*Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 47 L. Ed. 2d 231, 96 S. Ct. 1048, decided by the Supreme Court on March 3, 1976, demonstrates the anomaly which results from the application of the rule perpetuated by the majority. Section 301(a) of the Labor Management Relations Act (29 U.S.C. sec. 185) specifically provides that a labor organization may sue or be sued as an entity in the courts of the United States. In *Hines* the plaintiff sought relief against his union for alleged breach of its duty to fairly represent him in an arbitration proceeding. Given the same set of facts in Illinois and absent the element of activities which affect interstate commerce (29 U.S.C. sec. 185(a)) the plaintiff would be without recourse. He would not have been able to sue in the United States District Court, and the archaic rule which the majority continues in force would effectively deprive him of a remedy.

The facts of life are that unincorporated voluntary associations, as entities, own and control assets worth millions of dollars and wield great power, both economic and political. Their ability to sue and be sued should not depend upon the continued existence of an archaic rule based on a legal fiction.

KLUCZYNSKI and CREBS, JJ., join in this dissent.