NORMAN PIERCE *et al.*, Plaintiffs-Appellants, *v.* CHESTER JOHNSON ELECTRIC CO., Defendant-Appellee.

First District (4th Division) No. 82—2561

Opinion filed September 8, 1983.

Edwin H. Conger and David L. Coghlan, both of Tenney & Bentley, of Chicago, for appellants.

James P. Hilliard, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

This action raises the question of whether the trustees of a trust may maintain an action for money damages when the beneficiaries of the trust are members of an unincorporated association. The plaintiffs in this cause are the trustees appointed under a trust agreement between the Electrical Contractors' Association of City of Chicago, Inc., and Local 134 of the International Brotherhood of Electrical Workers. The plaintiffs brought this action to recover liquidated damages and fringe benefit contributions due from the defendant, Chester Johnson Electric Company, under a collective bargaining agreement. All of the trustees are named plaintiffs in this suit. Prior to trial the defendant brought a motion to dismiss the plaintiffs' complaint for failure to state a cause of action. It alleged that because the union was a voluntary unincorporated association the plaintiffs were merely an extension of the voluntary unincorporated association and therefore could not maintain an action at law under *American Federation of Techni-*

*cal Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E. 2d 712. The trial court granted the defendant's motion to dismiss and this appeal followed.

In *La Jeunesse*, the Illinois Supreme Court held that an unincorporated association may not maintain an action for money damages in Illinois. Because an unincorporated association has no separate legal existence independent of the members who compose it, each member of the association must be named as a party in a suit brought by or against the association. While the supreme court recognized that this rule has been changed in a number of jurisdictions, it further observed that such changes in Illinois should come about through legislative action rather than court decisions.

In the instant case, the defendant does not dispute the existence of a trust or the fact that the creators of a trust agreement have the legal right to appoint trustees. Further, the defendant does not contest the fact that a trustee generally has the power in Illinois to bring suit on behalf of a trust. (Ill. Rev. Stat. 1981, ch. 17, par. 1665.) Rather, the defendant relies solely upon *La Jeunesse* to support its argument that because the trust was created by an unincorporated association, the trust is simply an extension of the association and is also precluded from maintaining an action for money damages. We disagree.

■■■■ We do not believe that *La Jeunesse* applies to the facts presented in this case. In *La Jeunesse*, the Union brought suit against a number of its members to recover monetary fines which had been assessed against those members. Significantly, the court observed that, "an unincorporated association has no separate legal existence independent of the members who compose it." (*American Federation of Technical Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 265-66, 347 N.E.2d 712, 714.) Thus, the Union could not bring suit unless all of its members were joined as parties. However, in the instant case, a written trust in Illinois possesses a distinct legal existence which is recognized by statute. (See Ill. Rev. Stat. 1981, ch. 17, par. 1651 *et seq.*) Furthermore, trustees possess a specific statutory power to sue in a representative capacity on behalf of a trust. (See Ill. Rev. Stat. 1981, ch. 17, par. 1665.) While the *La Jeunesse* plaintiff representative had no legal status which set them apart from the other members of the unincorporated association, the trustees in this case do not encounter a similar plight. Here, the plaintiff trustees operate in a separate, statutorily recognized legal existence which is independent of the status of the members who compose the unincorporated association. We believe it irrelevant that the trust was created

by an unincorporated association or that the beneficiaries of the trust are members of an unincorporated association; the trust and trustees nonetheless possess a separate legal existence apart from the sum of the members who comprise the unincorporated association. Therefore, we find that the plaintiffs were proper parties to bring suit for money damages on behalf of the trust and we believe that the trial court improperly granted the defendant's motion to dismiss.

For the foregoing reasons, the order granting the defendant's motion to dismiss is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

ROMITI, P.J., and JOHNSON, J., concur.