NORMAN PIERCE *et al.*, Plaintiffs-Appellants, v. P.J.G. & ASSOCIATES, INC., Defendant-Appellee.

First District (2nd Division)   No. 83—2858

Opinion filed September 25, 1984.—Rehearing denied November 30, 1984.

Edwin H. Conger and David L. Coghlan, both of Tenney & Bentley, of Chicago, for appellants.

Richard J. Puchalski, of Doss, Puchalski, Keenan & Bargiel, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff trustees brought an action to recover $2,500 allegedly owed to them by defendant P.J.G. & Associates, Inc. (P.J.G.), under a collective bargaining agreement. The circuit court granted P.J.G.'s motion to dismiss and denied the trustees' motion to vacate the dismissal. The trustees appeal from both orders.

Plaintiffs are trustees of an employee welfare trust created by a collective bargaining agreement between the Electrical Contractors' Association of Chicago and Local Union No. 134 International Brotherhood of Electrical Workers. Employers who assent to the agreement are obligated to make certain fringe benefit contributions to the trust. P.J.G. is an employer who has assented to the agreement.

Because of its obligations under the agreement, P.J.G. obtained a bond from Frank B. Hall & Company (Hall) which provided that if defendant failed to make the necessary contributions to the trust pursuant to the agreement, Hall would make such payments with a right of indemnity against P.J.G. The bond, which is not included in the record, also provided a $2,500 deductible on the payment of fringe contributions before Hall makes any payments to the trust.

In August 1980, the trustees demanded payment from Hall under the bond, subtracting the $2,500 from the total amount claimed. On April 9, 1981, they filed the instant complaint against P.J.G. seeking the $2,500 deductible amount outstanding.

The trustees had filed an earlier action against P.J.G. in which they sought liquidated damages (80 M1 109010). That complaint was dismissed with prejudice on July 9, 1980, upon a finding that the

trustees lacked standing to bring an action at law. The trustees' motion to vacate the order was filed on August 1, 1980, and remains pending.

The trustees raise four issues on appeal corresponding to the grounds upon which the circuit court based its dismissal, which include whether: (1) they are barred from maintaining the present action because of the dismissal of the earlier complaint under the doctrine of *res judicata*; (2) they are a voluntary unincorporated association which cannot maintain suit in Illinois; (3) State jurisdiction is preempted by the Employee Retirement Income Security Act of 1974 (29 U.S.C. sec. 1001 *et seq.* (1982)) (ERISA); and (4) they failed to exhaust their administrative remedies under the agreement by first submitting to arbitration.

I

The trustees maintain that they are not precluded by *res judicata* from bringing the present action because the 1980 judgment was not final by virtue of the pending motion to vacate and because the same claim was not involved in each action. We agree, but for another reason.

■ Before a judgment can stand as a bar to a subsequent action, it must first be determined whether that judgment was a final determination on the merits. (*People ex rel. Scott v. Chicago Park District* (1976), 66 Ill. 2d 65, 69, 360 N.E.2d 773.) A dismissal based upon a plaintiff's lack of standing, as here, does not require a consideration of any substantive issues that may be involved. (*People ex rel. Scott v. Chicago Park District* (1976), 66 Ill. 2d 65, 70.) The dismissal in 80 M1 109010 was not on the merits of the case and could not be a bar to the present action. Dismissal of the present cause on *res judicata* grounds was error and must be reversed.

II

■ The trustees next assert that the circuit court erred in determining they could not maintain this suit because they were suing on behalf of a voluntary, unincorporated association. The circuit court relied on the Illinois rule that a voluntary unincorporated association cannot sue or be sued in its own name because it has no separate legal existence independent of the members who compose it. (*American Federation of Technical Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712; *Mulligan v. Teamsters Union, Local No. 971* (1978), 59 Ill. App. 3d 587, 375 N.E.2d 891.) Unlike *La Jeunesse* and *Mulligan*, however, plaintiffs here are not suing as un-

ion members, but as trustees who have a separate, statutorily recognized legal existence, independent of the status of the members who comprise the unincorporated association, allowing them to sue and be sued, an issue recently decided in *Pierce v. Chester Johnson Electric Co.* (1983), 117 Ill. App. 3d 867, 454 N.E.2d 55, *appeal denied* (1983), 96 Ill. 2d 565. Plaintiffs here are proper parties to bring this suit. It was error to deny their standing on this ground, which must be reversed.

### III

The trustees contend that ERISA does not preempt the circuit court's jurisdiction over this suit, asserting that suits to recover fringe benefit contributions are enforceable under the Labor Management Relations Act of 1947 (29 U.S.C. sec. 185(a) (1982)). Since ERISA specifically exempts from preemption "law[s] of the United States," it is urged that this claim for fringe benefit contributions, which is governed by the Labor Management Relations Act of 1947, is exempted from preemption and was properly brought in State court. 29 U.S.C. sec. 1144(d) (1982).

The language of the relevant statutes is of primary significance. Section 301 of the Labor Management Relations Act of 1947 provides in pertinent part (29 U.S.C. sec. 185(a) (1982)):

> "Suits for violation of contracts between an employer and a labor organization representing employees ***, or between any such labor organizations, may be brought in any district court of the United States ***."

Section 502 of ERISA provides (29 U.S.C. sec. 1132(e)(1)):

> "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *exclusive* jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts *** shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section." (Emphasis added.)

The preemption by ERISA in this type of case is contained at 29 U.S.C. sec. 1144(a) (1982):

> "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."

We find that the provisions in ERISA specifically relate to the

claim herein, unlike the general provision in the Labor Management Relations Act of 1947. The appropriate forum for civil actions involving fiduciary responsibilities, as here, is exclusively in Federal courts. (See, *e.g., Levy v. Lewis* (2d Cir. 1980), 635 F.2d 960, 967. See also *Laborers Health & Welfare Trust Fund v. Kaufman & Broad* (9th Cir. 1983), 707 F.2d 412; *Bricklayers' Pension Trust Fund v. Taiariol* (6th Cir. 1982), 671 F.2d 988; *Green v. Indal, Inc.* (S.D. Ill. 1983), 565 F. Supp. 805; *Hammond v. James W. Griffin Co.* (N.D. Ga. 1981), 520 F. Supp. 162; *Employer-Teamsters Joint Council No. 84 v. Weatherall Concrete, Inc.* (S.D. W. Va. 1979), 468 F. Supp. 1167; *Huge v. Maximeadows Mining Co.* (N.D. Ala. 1978), 459 F. Supp. 267.) Therefore, the circuit court's dismissal of the suit on this ground was correct and must be affirmed.

## IV

The circuit court's finding that the trustees were required to arbitrate their claim prior to filing it in a court of law is also identified as error. In light of our disposition of this appeal, we do not reach the merits of this contention. Further, we deny P.J.G.'s request for costs and attorney fees.

For the foregoing reasons, the decision of the circuit court of Cook County is reversed in part and affirmed in part.

Reversed in part; affirmed in part.

STAMOS and DOWNING, JJ., concur.