George M. NACHWALTER, et al., Plaintiffs,

v.

Joyce Ellen CHRISTIE, individually, and as Personal Representative of the Estate of Irwin G. Christie, Defendant.

No. 82–104–Civ.

United States District Court,
S. D. Florida.

April 28, 1982.

Jean F. Reed, Coral Gables, Fla., for plaintiffs.

Richard E. Reckson, Miami, Fla., for defendant.

# ORDER DENYING MOTION FOR STAY OR DISMISSAL

JAMES LAWRENCE KING, District Judge.

This cause came on before the Court upon defendants' motion for stay or dismissal. This case involves the alleged mismanagement of an Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., protected retirement plan. This is an action for declaratory judgment by the trustees of the plan, pursuant to the Federal Declaratory Judgment Act. *See* 28 U.S.C. §§ 2201 et seq.

The instant action was brought by the trustees of a retirement plan to clarify an involved situation. The relevant facts are as follows. The defendants in this action are the person representatives of the Estate of Irwin G. Christie and Joyce Ellen Christie, individually. Mr. Christie was partner in the law firm of Nachwalter, Christie & Falk, P. A. The firm instituted a retirement plan pursuant to the perimeters of ERISA. Mr. Christie then left the law firm. During the period between Mr. Christie's departure from the firm and his demise, the trustees of the plan invested in stocks, which lost money for the retirement fund. The portion of the retirement account representing Mr. Christie's interest was decreased in value by approximately $40,000.00. Mr. Christie's estate asserts there was an oral contract between Mr. Christie and the trustees to the effect that at the point of Mr. Christie's departure from the firm, his interest in the retirement fund would vest and become unalterable.

Mrs. Joyce Ellen Christie as personal representative of the Estate then filed an action in state court alleging, (1) breach of fiduciary duty by the trustees, (2) conversion of the plan assets by the trustees, (3) misappropriation of the plan asset by the trustees, and (4) breach of oral contract by the trustees. The trustees of the plan then filed this action in federal court for declaration of their rights.

Defendants moved to stay or dismiss this cause on several grounds:

*ISSUE # 1: Federal Declaratory Judgment Act.*

There is a pending state court action regarding the firm's pension plan which was filed subsequent to the first complaint in federal court, but prior to the present amended complaint which we are traveling under. The issue is whether this Court can nevertheless assume jurisdiction under the Federal Declaratory Judgment Act given the pending state court action.

The defendants assert that the instant federal action does not support a claim for declaratory relief under the Federal Declaratory Judgment Act, but merely asserts a defense to the pending state court cause of action. The defendants cite several cases in support of their proposition.

The plaintiffs cite the same cases in support of their position that the Court has independent jurisdiction over the matter and is not precluded from assuming jurisdiction under the Federal Declaratory Judgment Act.

The pertinent section of ERISA, 29 U.S.C. § 1132(a) provides that actions brought by a fiduciary of an ERISA plan has exclusive federal jurisdiction. The rule for federal jurisdiction under the Federal Declaratory Judgment Act is best presented in *Rath Packing Co. v. Becker*, 530 F.2d 1295 (9th Cir. 1975). The Court in *Rath* held that a federal controversy was sufficient to permit an action under the Federal Declaratory Judgment Act in spite of a pending state court action when the party seeking the declaration "... has created a federal controversy which is non-existent or is seeking an adjudication of a claim which is essentially meaningful only when pleaded as a defense to the particular pending state court action". *Id.* at 1306. The federal controversy must stand on its own. The federal action must not spring to life only as a defense to a state court action. *See Skelly Oil Company v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Wong v. Bacon*, 445 F.Supp. 1177 (N.D.Calif.1977).

It is clear from the cases and the language of the statute that the federal court has exclusive jurisdiction over ERISA matters pertaining to fiduciaries. The legislative history reported in the Congressional Record further indicates that Congress enacted ERISA for the purpose of establishing a uniform federal body of law dealing with retirement plans. To quote Congressman Deal, Chairman of the Sub-Committee on Labor of the House Committee on Education and Labor, "Finally I wish to make note of what is due many the crowning achievement of this legislation. The reservation to the federal authority the sole power to regulate the field of employee benefit plans. With the preemption of the field, we round out the protection afforded participant by eliminating the threat of conflicting yet inconsistent State and Local Regulation." 120 Cong.Rec. 29197 (1974). Sections 1132(a)(2), (3) of Title 29 state specifically that any action by or against an ERISA fiduciary is exclusively within the jurisdiction of the federal court. Three of the four counts in defendants' state court action concern the lack of proper administration of the fiduciary duties of the Nachwalter, Christie & Falk, P. A. pension fund trustees.

The one count in the state court action which deals with the alleged oral contract between Mr. Christie and the trustees altering the terms of the retirement plan may, standing alone, very well be an issue that can be heard in the state courts.

Here, the plaintiffs ask for declaration of their rights under ERISA. ERISA claims in federal court exists totally independent of any state court claims. In fact, the only claim which is essentially a state claim is dependent for its existence on a matter which can only be resolved, pursuant to the federal statute, in federal courts, i.e. whether oral modifications of ERISA plans are

permissible.[1] Therefore, this complaint meets the requirements of the Federal Declaratory Judgment Act.

*ISSUE # 2: Comity, Abstention*

The defendants argue that there is concurrent jurisdiction, and the fact that the initial complaint in this federal action was filed prior to the pending state court action is irrelevant. Although the defendants do not specifically raise the questions of comity or abstention, this Court feels obligated to address these questions in light of the pending state court action. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Railroad Commission v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

Two rules apply here, concurrent jurisdiction and abstention. There is serious doubt as to whether the state court even has jurisdiction over the fiduciary duty claims (see above). Therefore the concept of comity is inapplicable because the state court never assumed jurisdiction. In an action such as the instant action there is no need to abstain from deciding questions over which the federal court has exclusive jurisdiction. *See Levy v. Lewis*, 635 F.2d 960 (2nd Cir. 1980). In fact, the policy underlying comity logically dictates that the state court and not the federal court action should be stayed. The Sixth Circuit has even gone so far as to permit injunction of a state court action when a federal court ERISA action was also pending. *See General Motors Corp. v. Buha*, 623 F.2d 455 (1980). In short, neither concurrent jurisdiction nor abstention warrant a stay nor a dismissal.

*ISSUE # 3: Is ERISA Applicable To Defendant*

Defendants contend that the state court action is not precluded by the exclusive jurisdiction provision of ERISA which

---

1. ERISA § 1102(a)(1) provides:

    Every employee benefit plan shall be established and maintained pursuant to a *written instrument.* (emphasis added).

    This strongly suggests therefore the question of whether there is an oral contract need not even be reached, as it may very well be in violation of the statute. Therefore, if the defendants allege only the establishment of an oral contract, this Court in all probability could not consider the contract by virtue of the statute, as it is in violation of both the plan and the statute. This question need not be reached however.

gives the federal court exclusive jurisdiction over "several actions brought by . . . a participant, beneficiary or fiduciary." 29 U.S.C. § 1132(e)(1). The defendants here brought their state court action individually and as personal representative of the Estate of Mr. Christie. The personal representative argues that since she is not a "participant, beneficiary or fiduciary" of the ERISA fund she could not have brought suit under Title 29. Therefore the contention is the state court is the only forum available for the personal representative to prosecute its claims.

The plaintiffs posit that if the defendants were correct, any Estate wishing to bring an action rightfully pursuant to ERISA would have to do so in state court. This would in turn frustrate the Congressional intent to unify and protect retirement plans via the federal court system.

Defendants cite several cases which construe the terms "participant, beneficiary and fiduciary" narrowly and argue parties such as they are not governed thereby. The problem with defendants' direction is twofold. First, if the proceeds of the fund are part of and are passed through the Estate, the Estate is a beneficiary pursuant to ERISA. Therefore, the personal representative would be entitled to sue in federal court under ERISA. Second, if the proceeds of the funds are not part of the Estate, akin to a life insurance policy, then the personal representative of the Estate would have no standing in state or federal court. The only standing personal representative would have would be to see if the proceeds were part of the Estate. This is not the relief sought here.

The coup de gras, contrary to defendants' position, is that this action was brought by the trustees of the plan, therefore federal jurisdiction attaches in this forum to the exclusion of any other. Therefore, the trustees as fiduciaries bring the matter squarely within this Court's exclusive jurisdiction pursuant to ERISA.

It is therefore this Court's determination that it will hereby:

ORDER and ADJUDGE that the defendants' motion to stay or dismiss be, and

herein is, denied. The defendants shall answer the complaint within twenty (20) days from the date of this Order.