LOUIS F. PEICK *et al.*, Plaintiffs-Appellants, v. WILLIAM MURRAY, Defendant-Appellee.

First District (3rd Division)   No. 85—1187

Opinion filed March 19, 1986.

Carmell, Charone, Widmer & Mathews, Ltd., of Chicago (Sherman Carmell and Lisa B. Moss, of counsel), for appellants.

Wiedner & McAuliffe, Ltd., of Chicago (Richard J. Leamy and John H. Sandberg, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff trustees brought this action to recover $16,979.17 allegedly owed to them by defendant William Murray under the terms of an employee welfare trust and benefit plan. The trustees sought a declaratory judgment to compel defendant, as a participant of the benefit plan, to repay those benefits allegedly improperly paid to him for an illness. The trial court granted defendant's motion to dismiss the complaint, and plaintiffs appeal.

Plaintiffs are trustees of the Local 705 International Teamsters health and welfare fund (welfare fund), an employee welfare trust and benefit plan. The trust was created pursuant to a collective bargaining contract and trust agreement between the Teamsters Local 705 (union) and certain cartage employers. This dispute concerns the trustees' interpretation of the employee benefit plan pursuant to the Federal Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. sec. 1001 *et seq.* (1976).) Defendant was a member of the union and was employed by Standard Cartage Company, a signator to the collective bargaining agreement incorporating the trust agreement. On February 24, 1983, defendant became dizzy at work and lost part of his vision. It was later determined that defendant had suffered a stroke. Upon his request, defendant received benefits from the welfare fund in the amount of $13,947.05 for medical treatment and $3,032.12 in sick benefits.

Subsequently, defendant filed a workers' compensation claim

against his employer. Although the employer denied that defendant had suffered an injury compensable under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*), defendant and the employer entered into a settlement contract in the amount of $40,000, which was approv_d by the Industrial Commission on September 26, 1983.

Thereafter, defendant attended a meeting of the board of trustees on November 29, 1983, at which time he was not represented by counsel. The trustees decided that coverage for defendant's injury was excluded under sections 4.02(a) and 5.01(a) of the benefit plan and that he should refund $16,979.17 to the welfare fund. Section 4.02(a) provides that "any accidental bodily injury or sickness arising out of or in the course of employment or which is compensable under any workers' compensation or occupational disease act or law" is excluded from coverage. Section 5.01(a) likewise provides sick benefits for only "non-job-related" illnesses or injuries. The trustees advised defendant that if he did not comply with this decision they would bring suit, and might bar him and his family from coverage under the benefit plan.

On December 15, 1983, plaintiffs filed a complaint against defendant seeking specific performance of the trustees' decision reached at the November meeting. Defendant filed a motion to transfer the cause to the law division and also a motion to dismiss, claiming that plaintiffs failed to state a cause of action upon which relief could be granted. Following a hearing on September 12, 1984, the trial court struck plaintiffs' complaint and gave them leave to amend. After plaintiffs filed an amended complaint for declaratory relief and specific performance, the trial court granted defendant's motion to dismiss with prejudice, finding that the amended complaint failed to state a cause of action. Additionally, the trial court denied plaintiffs' motion for a voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). Plaintiffs had decided to proceed in the Federal court prior to the hearing on defendant's motion to dismiss the amended complaint. Plaintiffs appeal from the order dismissing the complaint.

We shall initially consider whether the trial court had subject matter jurisdiction of the action. It is always the duty of this court to determine jurisdiction even though the issue is not raised by the parties. *Findley v. Posway* (1983), 118 Ill. App. 3d 824, 455 N.E.2d 861.

The trustees argue that they need not predicate their suit on a specific jurisdictional provision in the Federal ERISA, but that the

State court should apply Federal common law in this instance. We do not agree. This dispute concerns the trustees' interpretation of an employee benefit plan established pursuant to ERISA. According to ERISA and Federal case law, the trustees are considered fiduciaries and as such are empowered to bring a civil action to enforce provisions of the benefit plan. (29 U.S.C. secs. 1002(14)(A), 1132(a)(3)(b)(ii) (1976); *Snyder v. Titus* (E.D. Va. 1981), 513 F. Supp. 926.) State jurisdiction, however, is precluded by section 502(e) of ERISA, which provides:

> "Except for actions under subsection (a)(1)(B) of this section [brought by a participant or beneficiary], the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary." (29 U.S.C. sec. 1132(e)(1) (1976); see *Nachwalter v. Christi* (S.D. Fla. 1982), 538 F. Supp. 742.)

Moreover, State law is preempted except for certain State insurance, banking and securities law. (29 U.S.C. sec. 1144(a) (1976).) Therefore, in view of the exclusive Federal jurisdiction, the State court did not have subject matter jurisdiction to hear this matter. Consequently, the complaint was properly dismissed. See *Pierce v. P.J.G. & Associates, Inc.* (1984), 128 Ill. App. 3d 471, 470 N.E.2d 1096.

Although we have determined that the trial court did not have jurisdiction of the subject matter, we shall briefly discuss the correctness of the trial court's order dismissing the complaint on its merits.

After a meeting held on November 29, 1983, the trustees demanded reimbursement from defendant on the grounds that his injury was compensable under workers' compensation as evidenced by the $40,000 settlement he received from his employer's insurance carrier. The trustees also based their decision on a letter sent to the employer's insurer from a doctor at the clinic where defendant was initially examined. The letter stated that the fact defendant was moving heavy printing equipment may have been a causative factor between the stroke and the injury. The doctor also stated that it was impossible to answer whether the stroke would have occurred if he was not at work. Additionally, the trustees relied on a letter from defendant's attorney stating that defendant agreed that he had to reimburse the welfare fund and the "hold harmless" clause of the settlement agreement which recited that the employee's insurer would indemnify defendant if the welfare fund demanded reimbursement. Finally, the trustees stated that defendant agreed at the November meeting that his injury was work-related and he would reim-

burse the welfare fund.

The trustees did not afford defendant reasonable opportunity for a full and fair review of their decision demanding reimbursement pursuant to section 503 of ERISA. 29 U.S.C. sec. 1133(2) (1976); *Grossmuller v. International Union, U.A.W.* (3rd Cir. 1983), 715 F.2d 853; see *Wolfe v. J.C. Penney Co.* (7th Cir. 1983), 710 F.2d 388.

■ There is nothing in the record to indicate the type of notice sent to defendant informing him that the trustees demanded reimbursement of benefits paid. A letter dated September 23, 1983, from the attorney for the welfare fund to the employer's compensation carrier indicates that the trustees demanded that the insurer reimburse the fund because the trustees interpreted the settlement as providing workers' compensation, thereby excluding defendant's injury from coverage under the plan. Even if defendant had received the same explanation as the insurer, the trustees did not give the reasons for their actions, but merely stated a conclusion. (*Wolfe v. J.C. Penney Co.* (7th Cir. 1983), 710 F.2d 388.) Defendant was not informed of, nor given, the opportunity to present evidence on his behalf, to challenge the evidence considered by the trustees, nor to participate in the meeting. There is no record of the number of trustees present at the hearing, and the minutes of the November meeting do not indicate which documents were reviewed. Such review procedures do not comport with Federal standards. In view of our conclusion that defendant was not afforded a full and fair review of the decision, we find that the trustees were not entitled to a declaratory judgment requiring reimbursement by defendant.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiffs' complaint is affirmed.

Judgment affirmed.

RIZZI, P.J., and McGILLICUDDY, J., concur.