T.C. Memo. 2003-127

UNITED STATES TAX COURT

THE ADORNO ASSET MANAGEMENT TRUST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9458-02.                    Filed May 1, 2003.

Edwin R. Adorno, pro se.

<u>Jason W. Anderson</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent maintains that Edwin R. Adorno (Mr. Adorno), the individual who signed the petition, is not a proper party authorized to bring suit on behalf of The Adorno Asset Management Trust[2] (Adorno Asset) under Rule 60.  As discussed in detail below, we shall grant respondent's motion and dismiss this case for lack of jurisdiction.

Background

A.  Notice of Deficiency

Respondent issued a notice of deficiency to Adorno Asset determining a deficiency in its Federal income tax for the taxable year 1998 in the amount of $781,606 and an accuracy-related penalty under section 6662(a) in the amount of $156,321. In the notice of deficiency, respondent disallowed deductions claimed by Adorno Asset because it:

> failed to establish the amount, if any, that was paid
> during the taxable year for ordinary and necessary
> expenses for the production of rental income; you
> failed to establish the cost or other basis of the
> property claimed to have been used in the rental
> activity; and you failed to establish that the claimed

---

[2]  Use of the terms "trust", "trustee", and "trust instrument" (and their derivatives) in this opinion is intended for narrative convenience only.  Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

Schedule E rental activity was entered into for profit for the taxable year 1998.

Respondent determined that "the trust arrangement involving the following trust [Adorno Business Company, Taxpayer Identification Number 36-7141570] is a sham with no economic substance and is disregarded for federal income tax purposes".  Respondent also disallowed the income distribution deduction claimed by Adorno Asset because it "failed to establish the requirements for deduction of IRC sections 651 or 661 were satisfied".  Finally, respondent determined that Adorno Asset is liable for an accuracy-related penalty due to negligence or disregard of rules and regulations, a substantial understatement of income tax, or a substantial valuation overstatement.

B.  Petition

The Court subsequently received and filed a petition for redetermination challenging the notice of deficiency.[3]  The petition was signed by Mr. Adorno as "Edwin R. Adorno (Director)".[4]

---

[3]  The principal place of business of Adorno Asset was in Chicago, Ill., at the time that the petition was filed with the Court.

[4]  Use of the terms "director" and "executive director" in this opinion is intended for narrative convenience only.  Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

Paragraph 4 of the petition, which sets forth the bases on which the notice of deficiency is challenged, alleges as follows:

> (1) Business trust are an acceptable business entity according to Reg. 301.7701.4(b). (2) Business trust has a business purpose for profit. * * * (3) Supreme Ct has upheld that income cannot be directed to another entity or person if the income can only properly belong only to the entity it was intended. Lucas vs. Earl 281 US 111 (1930)[5]

C. Respondent's Motion

Respondent filed a motion to dismiss for lack of jurisdiction. In the motion, respondent asserts that this case should be dismissed for lack of jurisdiction because "the petition in the instant case was not brought by a party with proper capacity". Respondent further contends:

> Upon commencement of the examination of petitioner's 1998 taxable year, respondent requested a copy of the complete trust documents for petitioner. Petitioner failed to cooperate with respondent and provide the documents requested during the examination of this case.

> To date [July 22, 2002], petitioner has not provided respondent with trust documents which establish the chain of trusteeship from the creation of the trust until the time the petition was filed.

---

[5] A business trust (commonly known as a "Massachusetts trust") is an unincorporated business organization created by a declaration of trust wherein property is conveyed to a trustee to hold and manage for the benefit and profit of such persons as may be or become the holders of transferable certificates evidencing the beneficial interests in the trust estate. State St. Trust Co. v. Hall, 41 N.E.2d 30, 34 (Mass. 1942). See generally Hynes v. Commissioner, 74 T.C. 1266 (1980), and cases cited therein for a discussion on business trusts. The purpose of a business trust is to carry on a business or commercial activity for profit. Id.

Petitioner has not provided sufficient evidence that the appointment of Mr. Adorno, as trustee or as an agent of the trustee, was valid or authorized under the terms of the respective trust indentures.

Upon the filing of respondent's motion to dismiss, the Court issued an order directing Adorno Asset to file an objection, if any, to respondent's motion, taking into account Rule 60, and to attach to the objection a copy of the trust instrument or other documentation identifying the fiduciary or other representative with legal capacity to institute a case on behalf of Adorno Asset.

D.  Mr. Adorno's Objection

Ultimately, the Court received an objection, leave for the filing of which was granted, to respondent's motion to dismiss. Mr. Adorno signed the objection as the "Director of The Adorno Asset Management Trust". In the objection, Mr. Adorno contends that he is Adorno Asset's representative and authorized fiduciary with "the authority to act as the Director of The Adorno Business Company" and to sign on behalf of Adorno Asset. In support thereof, Mr. Adorno attached to the objection a three-page document entitled "The Adorno Asset Management Company,[6] Minutes of Third Meeting, December 18, 1995" (third minutes). The third minutes provide, in part, as follows:

_____

[6]  The record indicates that The Adorno Asset Management Trust and The Adorno Asset Management Company are one and the same.

At this, the THIRD MEETING of the Board of Directors of The Adorno Asset Management Company * * * a MAJORITY of the Directors being present, by unanimous accord the following was affirmed and ratified, viz:

29.  It is hereby acknowledged that on December 14, 1995, Alicia Gloyeske[7] did resign as a Director of The Adorno Asset Management Company, due to circumstances beyond her control.

30.  *Minute 25*[8] defining the incidents of the employment of the Executive Director.

The Adorno Asset Management Company hereby retains the services of Edwin R. Adorno to be the Executive Director of the Company. The Executive Director shall be employed as a Consultant and shall be responsible for reporting his own Social Security and Income taxes. The Directors shall contract the services of the Executive Director to perform such duties for hire as the Directors deem to be in the best interest of The Adorno Asset Management Company. * * *

ARTICLE I - THE DUTIES OF THE EXECUTIVE DIRECTOR SHALL BE TO:

A.  Manage the day to day business affairs of The Adorno Asset Management Company * * *

   *      *      *      *      *      *      *

_____/s/_____
Edwin R. Adorno, Director

The third minutes do not list the name of a "trustee" for Adorno Asset nor make any reference to a "trustee".

---

[7]  According to Mr. Adorno's testimony, Alicia Gloyeske (Ms. Gloyeske) is an attorney who set up the trust.  Mr. Adorno, however, refused to provide additional details about Ms. Gloyeske's role as the attorney other than to repeatedly state that "I stand by my stipulations and all the affidavits that are there".

[8]  Minute 25 is not otherwise identified in, or a part of, the record.

The objection also challenges respondent's authority to determine a deficiency against Adorno Asset because "IRR 301.7701-4(b) clearly states that: there is another entity that is like a trust, but it is not recognized (not known to exist) as a trust for internal revenue purposes".

E. Respondent's Response

At the Court's direction, respondent filed a response to the foregoing objection. Respondent contends that the third minutes do not establish that Adorno Asset appointed Mr. Adorno as its trustee under Illinois law, and, therefore, Mr. Adorno is not authorized to act on behalf of Adorno Asset.

Upon the filing of respondent's response, the Court issued an order directing both parties to file certain documents with the Court. Pursuant to the Court's order, respondent filed, inter alia, a complete copy of a Form 1041, U.S. Income Tax Return for Estates and Trusts (Form 1041), filed in the name of Adorno Asset for 1998.[9] The Form 1041, which was executed by Mr. Adorno on September 15, 1999, lists the date the entity was created as January 1, 1996.[10]

---

[9] Attached to the Form 1041 was a Schedule K-1, Beneficiary's Share of Income, Deductions, Credits, etc., indicating the beneficiary as "Pacare International Company, Beleeze [Belize]" (Pacare). In response to the Court's questions concerning Pacare, Mr. Adorno was not aware of, could not recall, and was not familiar with the name Pacare.

[10] According to the record, Adorno Asset's only business
(continued...)

F.  <u>Mr. Adorno's Response</u>

Specifically, the Court ordered Adorno Asset to produce (1) a <u>complete</u> copy of the organizational document(s) related to the creation of petitioner; (2) a <u>complete</u> copy of <u>all</u> the minutes that preceded in time the "Minutes of Third Meeting - December 18, 1995" that was attached to petitioner's Objection filed September 3, 2002; and (3) any and all other documentation identifying the fiduciary or other representative thought to have legal capacity to institute the present case on behalf of petitioner.

Ultimately, the Court received a response, leave for the filing of which was granted, to its order for document production.  Mr. Adorno signed the response as "Edwin R. Adorno, Trustee, Adorno Asset Management Trust".[11]  Mr. Adorno attached to his response, inter alia, a copy of an nine-page purported trust instrument dated December 6, 1995 (purported trust instrument), a four-page document entitled "The Adorno Asset Management Company, Minutes of First Meeting, December 6, 1995"

---

[10](...continued)
activity is collecting rent from The Adorno Business Company for use of a used car lot.  See <u>infra</u> notes 12, 14, 16.

[11]  This was the first time in the record that Mr. Adorno claimed to be the purported trustee of Adorno Asset.  At all other relevant times, Mr. Adorno claimed to be the director, fiduciary, legal representative, or executive director of Adorno Asset.

(first minutes), and a notarized affidavit dated October 17, 2002.

The purported trust instrument[12] provides, in part, as follows:

COMMON LAW BUSINESS ORGANIZATION
THIS COMMON LAW CONTRACT IN THE FORMAT OF AN IRREVOCABLE
DECLARATION OF TRUST AUTHORIZES ITS DIRECTORS TO OPERATE UNDER
THE NAME OF
The Adorno Asset Management Company
(referred to as the company)
DATED December 6, 1995

THIS agreement, conveyance and acceptance is made and entered into at the time and on the date appearing in the acknowledgment hereto attached, by and between Alicia Gloyeske who drafted the Common Law Business Organization DOCUMENTS as THE CREATOR HEREOF and THE OFFEROR HEREIN and Edwin R. Adorno, as the INVESTOR AND OFFEREE HEREIN and Alicia Gloyeske ACCEPTOR hereof who shall compose the Board of Directors and Executive Officers for conducting said business.

The Creator hereby constitutes and appoints the above designated Director to be, in fact, Director of the Company hereby created and established. The investor for and in consideration of the objects and purposes herein set forth, the cash sum of Ten Dollars in hand paid and other considerations of value, the receipt of which is hereby acknowledged, does hereby agree to sell, assign, convey, and deliver unto said Director, who are to hold legal title in fee simple.

\*     \*     \*     \*     \*     \*     \*

Directors shall be not less than one in number, but may be increased for practical reasons beneficial to the Company. The Director herein mentioned by name, or his/her successors elected to fill vacancies, shall

---

[12] The provisions of the purported trust instrument are substantially identical to the purported trust instrument in The Adorno Bus. Co. v. Commissioner, T.C. Memo. 2003-126. See infra note 16.

hold office, have and exercise collectively the exclusive management and control of the Company property and business affairs.

    \*        \*        \*        \*        \*        \*        \*

PROVIDED FURTHER, that in the event of death, removal from office, or resignation, the Directors shall appoint or elect a successor by the unanimous concurrence of the remaining Directors. Should the entire Board of Directors become vacant, persons named in the minutes of The Adorno Asset Management Company as successor Director(s) are hereby appointed to that position, otherwise a Court of Equity may appoint one Director, who, in turn, shall appoint the additional Directors. * * *

The signing and acknowledging of this Agreement by the hereinabove appointed Director, or the signing and acknowledging of appropriate Minutes by Directors subsequently elected or appointed, shall constitute their acceptance of The Adorno Asset Management Company and the Company property * * *

    \*        \*        \*        \*        \*        \*        \*

POWERS OF DIRECTORS: Directors may do anything any individual may legally do in any state or country, subject to the restrictions herein noted. They shall continue in business, conserve the property, commercialize the resources, extend any established line of business in industry or investment, as herein especially noted, at their discretion, for the benefit of The Adorno Asset Management Company, such as viz: buy, sell, or lease real estate for the surface or mineral rights, buy or sell mortgages, securities, bonds, notes, leases of all kinds, contracts or credits of any form, patents, trademarks, or copyrights buy, sell, or conduct mail-order business, or branches thereof, operate stores, shops, factories, warehouses or other trading establishments or places of business of any kind, construct, buy, sell, lease, or rent suitable buildings or other places of business, advertise different articles or business projects, borrow money for any business project, pledging the Company property for the payment thereof, hypothecate assets, property, or both, of the Company in business projects, own stock in, or entire charters of

corporations, or other such properties, companies, or associations as they may deem advantageous.

    *      *      *      *      *      *      *

OFFICERS AND MANAGEMENT: The Directors may in their discretion elect among their number an Executive Director, Secretary Director, and Treasurer Director * * *.  Directors may hold two or more offices simultaneously * * *

    *      *      *      *      *      *      *

IN WITNESS WHEREOF the Creator hereof and Investor hereto and the Acceptors hereof * * * have hereunto set their hands and seals * * *

           /s/
Alicia Gloyeske, Creator

           /s/
Edwin R. Adorno, Investor

           /s/
Alicia Gloyeske, Director [13]

The purported trust instrument does not list the name of a "trustee" for Adorno Asset nor make any reference to a "trustee". Further, none of the provisions of the purported trust instrument grant the director the power to litigate on behalf of Adorno Asset.

---

[13]  We note that the trust instrument was notarized by a Lorenzo Fiol (Mr. Fiol).  At the beginning of the hearing, Mr. Adorno appeared at counsel table with (Mr. Fiol), whom Mr. Adorno identified as his accountant.  The Court directed Mr. Fiol to sit in the gallery behind counsel table.  However, Mr. Adorno persisted to disrupt the proceedings by communicating with Mr. Fiol over the gallery railing, whereupon the Court directed Mr. Fiol to sit in the rear of the courtroom.

The first minutes[14] provide, in part, as follows:

At this, the FIRST MEETING of the BOARD OF Directors of The Adorno Asset Management Company * * *. All Directors being present, by unanimous accord the following was affirmed and ratified, viz:

1. That, pursuant to the request and declaration of Alicia Gloyeske, on this date, a Contract Creating This Entity creating The Adorno Asset Management Company, (A Common Law Business Organization) was duly executed, acknowledging Alicia Gloyeske, it's Director, and the above named person by their signature evidenced the acceptance of the duties, obligations and faithful performance of said Company.

    *     *     *     *     *     *     *

3. However, in order to acquire a proper [employer identification] number, the Director hereby changes the name of The Adorno Asset Management Company, by substituting the word "Trust" for the word "Company".

    *     *     *     *     *     *     *

           /s/
Alicia Gloyeske, Director

The first minutes do not list the name of a "trustee" for Adorno Asset nor make any reference to a "trustee".

The affidavit provides, in part, as follows:

I, Edwin Adorno, * * * state as follows based on my personal knowledge:

1. I am trustee of the Adorno Business Company lawfully authorized to represent and act on behalf of Adorno Business Company.

---

[14] The first minutes are substantially similar to the first minutes in The Adorno Bus. Co. v. Commissioner, T.C. Memo. 2003-126. See infra note 16.

\* \* \* \* \* \* \*

| | |
|---|---|
| __10/17/02__ | __/s/__ |
| Date: | Edwin Adorno, Trustee |
| | Adorno Business Company |

The affidavit does not list the name of a "trustee" for Adorno Asset nor make any reference to Adorno Asset's purported trustee.

Mr. Adorno also filed a supplemental objection with his response stating that he is the "trustee" of Adorno Asset and attesting to his capacity and authority to act on behalf of Adorno Asset.  In addition, Mr. Adorno submitted a "motion to vacate claims, motion for summary judgment and complaint under authority of 26 U.S.C. 7433, 7214(a)", which the Court filed as a Motion to Dismiss, challenging respondent's authority to assess tax against Adorno Asset and stating that he is the trustee of Adorno Asset.[15]

G.  Hearing on Respondent's Motion

This matter was called for hearing at the Court's trial session in Chicago, Illinois.[16]  Counsel for respondent appeared at the hearing and offered argument and evidence in support of respondent's motion to dismiss.  Specifically, respondent

---

[15]  The Court denied Mr. Adorno's motion by order dated Nov. 6, 2002.

[16]  This case was called for hearing with a related case in which Mr. Adorno also filed a petition purportedly on behalf of a so-called trust, which case is also being dismissed on the ground that it was not filed by a proper party.  See The Adorno Bus. Co. v. Commissioner, T.C. Memo. 2003-126.  Mr. Adorno himself also has a case pending before the Court assigned docket No. 9459-02.

challenges the validity of all of the documents submitted by Mr. Adorno and contends that these documents do not demonstrate Mr. Adorno's current representative capacity as trustee. Mr. Adorno appeared pro se, purportedly on behalf of Adorno Asset. Offering no evidence to supplement the previously submitted documents, he asserted that "the minutes elected me as director" and "I stand by my stipulations and affidavits that are in the Court's [sic]".

H. Post-Hearing Memorandum Briefs

At the conclusion of the hearing, the Court directed the parties to file memorandum briefs in support of their respective positions. Respondent complied with this order, but Mr. Adorno failed to do so.

Discussion

According to respondent, Adorno Asset failed to show that Mr. Adorno is a proper party authorized to act on its behalf. Respondent asserts that as a result, no valid petition has been filed and the Court must dismiss this case for lack of jurisdiction. We agree.

It is well settled that the taxpayer has the burden of affirmatively establishing all of the facts giving rise to our jurisdiction. See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Natl Comm. To Secure Justice v. Commissioner, 27 T.C.

837, 838-839 (1957).  Furthermore, unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on the taxpayer's behalf, we are without jurisdiction.  See Fehrs v. Commissioner, supra at 348.

Rule 60(a) requires that a case be brought "by and in the name of the person against whom the Commissioner determined the deficiency * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person.  See Rule 23(a)(1)."  Rule 60(c) states that the capacity of a fiduciary or other representative to litigate in the Court "shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived."  The record shows that Illinois State law is controlling in this case.

Under Illinois law, only the trustee[17] is authorized to commence litigation on behalf of a trust.  760 Ill. Comp. Stat. Ann. 5/4.11 (West 1992).[18]  In this respect, the Illinois Trusts

---

[17]  For purposes of the Ill. Trusts and Trustees Act, see 760 Ill. Comp. Stat. Ann. 5/1 (West 1992), a "trust" means a trust created by agreement, declaration or other written instrument.  760 Ill. Comp. Stat. Ann. 5/2(1) (West 1992).  Thus, the Ill. Trusts and Trustees Act is applicable to a business trust.  See id. at 5/4.23.  A "trustee" is defined as "the trustee or any successor or added trustee of the trust, whether appointed by or pursuant to the instrument creating the trust, by order of court or otherwise".  760 Ill. Comp. Stat. Ann. 5/2(2) (West 1992).

[18]  See Pierce v. Chester Johnson Elec. Co., 454 N.E.2d 55, 57 (Ill. App. Ct. 1983) (trustees possess a specific statutory power to sue in a representative capacity on behalf of a trust);
(continued...)

and Trustees Act does not grant the power to sue on behalf of a trust to a director, a fiduciary, or any other legal representative. See Restatement, Trusts 2d, sec. 16A (1959) ("The officers and directors of a corporation, although they are fiduciaries, are not trustees."). In the present case, Adorno Asset has failed to provide the Court with the documentary evidence necessary to support its contention that Mr. Adorno is its duly appointed trustee.

As previously discussed, Adorno Asset is purportedly an irrevocable trust wherein Ms. Gloyeske is the "Creator"/"Offeror"/"Acceptor" and Mr. Adorno is the "Investor"/"Offeree". According to the purported trust instrument, Ms. Gloyeske was specifically designated as "director" of Adorno Asset. However, no provision of the purported trust instrument appoints or designates Ms. Gloyeske, or anyone else, "trustee" for Adorno Asset.

According to the third minutes, however, Ms. Gloyeske resigned as director. Ms. Gloyeske failed to appoint a successor director, but the third minutes purported to retain "the services of Edwin R. Adorno to be the Executive Director of the Company" pursuant to "Minute 25". We remain suspect, however, that this

---

[18](...continued)
see also United States ex rel. Mosay v. Buffalo Bros. Mgmt., 20 F.3d 739, 742 (7th Cir. 1994) ("a trustee is the one who has the legal right to sue").

statement purportedly appoints Mr. Adorno "successor director", let alone "trustee", because the record is devoid of "Minute 25". Further, the third minutes appear to suggest that Adorno Asset hired Mr. Adorno in an employment capacity as executive director. Assuming arguendo that Mr. Adorno was properly appointed executive director, however, that does not confer upon him the legal status as trustee for Adorno Asset.

The purported trust instrument does not define the term "director", but it indicates that the director or directors comprise the "Board of Directors" with authority to "exercise collectively the exclusive management and control of the Company property and business affairs".  Further, the purported trust instrument does not provide the director with the authority to institute legal proceedings on behalf of Adorno Asset.[19]  The specific duties, powers, and responsibilities set forth in the purported trust instrument are associated with the day-to-day management affairs of the business.  Thus, the director's responsibilities appear to be nothing more than those of a business manager.  We find it difficult to accept that the title "director" confers the legal status of trustee on Mr. Adorno.

Indeed, the first time Mr. Adorno claimed to be trustee for Adorno Asset is in his response dated October 17, 2002, to the Court's order for document production evidencing Mr. Adorno's

---

[19]  See 760 Ill. Comp. Stat. Ann. 5/4.11 (West 1992).

capacity as the purported "trustee" for Adorno Asset.  With the exception of the response, Mr. Adorno continually referred to himself as director and signed all relevant documents as director of Adorno Asset.  Without clear evidence in the purported trust instrument, we are unpersuaded that the term "director" is synonymous with the term "trustee" to accord Mr. Adorno the status of trustee. Accordingly, we conclude that Mr. Adorno is not the duly appointed trustee of Adorno Asset pursuant to Illinois law.

In the absence of any persuasive basis for concluding that Mr. Adorno was duly appointed trustee of Adorno Asset, we shall dismiss this case for lack of jurisdiction consistent with respondent's motion.

All of the arguments and contentions that have not been specifically analyzed herein have been considered, but they do not require any further discussion.

In order to give effect to the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.