T.C. Memo. 2003-126

UNITED STATES TAX COURT

THE ADORNO BUSINESS COMPANY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9457-02.               Filed May 1, 2003.

Edwin R. Adorno, pro se.

Jason W. Anderson, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent maintains that Edwin R. Adorno (Mr. Adorno), the individual who signed the petition, is not a proper party authorized to bring suit on behalf of The Adorno Business Company (Adorno Business) under Rule 60. As discussed in detail below, we shall grant respondent's motion and dismiss this case for lack of jurisdiction.

Background

A. Notice of Deficiency

Respondent issued a notice of deficiency to Adorno Business determining a deficiency in its Federal income tax for the taxable year 1998 in the amount of $758,744 and an accuracy-related penalty under section 6662(a) in the amount of $151,749. In the notice of deficiency, respondent disallowed the deductions claimed by Adorno Business on Schedule C, Profit or Loss from Business, because it "failed to establish the amount, if any, that was paid during the taxable year for ordinary and necessary business expenses and you failed to establish the cost or other basis of the property claimed to have been used in business". Respondent also disallowed the income distribution deduction claimed by Adorno Business because it "failed to establish that the requirements for deduction of IRC sections 651

or 661 were satisfied". Finally, respondent determined that Adorno Business is liable for an accuracy-related penalty due to negligence or disregard of rules and regulations, a substantial understatement of income tax, or a substantial valuation overstatement.

B. Petition

The Court subsequently received and filed a petition for redetermination challenging the notice of deficiency.[2] The petition was signed by Mr. Adorno as "Edwin R. Adorno (Director)".[3]

Paragraph 4 of the petition, which sets forth the bases on which the notice of deficiency is challenged, alleges as follows:

> (1) Business trust are an acceptable business entity according to Reg. 301.7701.4(b). (2) Business trust has a business purpose for profit. * * * (3) Business deductions are allowed IRC section 661.[4]

---

[2] The principal place of business of Adorno Business was in Chicago, Ill., at the time that the petition was filed with the Court.

[3] Use of the terms "director" and "executive director" in this opinion is intended for narrative convenience only. Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

[4] A business trust (commonly known as a "Massachusetts trust") is an unincorporated business organization created by a declaration of trust wherein property is conveyed to a trustee to hold and manage for the benefit and profit of such persons as may be or become the holders of transferable certificates evidencing the beneficial interests in the trust estate. State St. Trust Co. v. Hall, 41 N.E.2d 30, 34 (Mass. 1942). See generally Hynes v. Commissioner, 74 T.C. 1266 (1980), and cases cited therein for a discussion on business trusts. The purpose of a business trust

(continued...)

C.  Respondent's Motion

Respondent filed a motion to dismiss for lack of jurisdiction.  In the motion, respondent asserts that this case should be dismissed for lack of jurisdiction because "the petition in the instant case was not brought by a party with proper capacity".  Respondent further contends:

> Upon commencement of the examination of petitioner's 1998 taxable year, respondent requested a copy of the complete trust documents for petitioner. Petitioner failed to cooperate with respondent and provide the documents requested during the examination of this case.
>
> To date [July 22, 2002], petitioner has not provided respondent with trust documents which establish the chain of trusteeship from the creation of the trust until the time the petition was filed.
>
> Petitioner has not provided sufficient evidence that the appointment of Mr. Adorno, as trustee or as an agent of the trustee, was valid or authorized under the terms of the respective trust indentures.

Upon the filing of respondent's motion to dismiss, the Court issued an order directing Adorno Business to file an objection, if any, to respondent's motion, taking into account Rule 60, and to attach to the objection a copy of the trust instrument or other documentation identifying the fiduciary or other

---

[4](...continued)
is to carry on a business or commercial activity for profit.  Id.

Use of the terms "trust", "trustee", and "trust instrument" (and their derivatives) in this opinion is intended for narrative convenience only.  Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

representative with legal capacity to institute a case on behalf
of Adorno Business.

  D. <u>Mr. Adorno's Objection</u>

  Ultimately, the Court received an objection, leave for the
filing of which was granted, to respondent's motion to dismiss.
Mr. Adorno signed the objection as the "Director of The Adorno
Business Company".  In the objection, Mr. Adorno contends that he
is Adorno Business' representative and authorized fiduciary with
the authority to act as director, and to sign on behalf, of
Adorno Business.  In support thereof, Mr. Adorno attached to the
objection a two-page document entitled "The Adorno Business
Company, Minutes of Second Meeting, December 26, 1995" (second
minutes).  The second minutes provide, in part, as follows:

> At this, the SECOND MEETING of the Board of Directors[5]
> of The Adorno Business Company * * * a MAJORITY of the
> Directors being present, by unanimous accord the
> following was affirmed and ratified, viz:
>
>  *  *  *  *  *  *  *
>
> 18. That the prime responsibility of the Board of
>    Directors is to manage The Adorno Business
>    Company, it's [sic] business, and it's [sic]
>    assets in such a manner as to insure predominate
>    consideration, for the welfare of the
>    beneficiaries rights to income distributions. * *
>    * And, that it is expected and hereby declared
>    inviolate, that as Directors of The Adorno
>    Business Company resign, retire, succumb, or are
>    removed * * * their places will be filled on the

---

  5 Based on the record as a whole, it appears that Mr.
Adorno has been the sole member of the "Board of Directors" at
all relevant times.

Board of Directors, PREFERABLY by and from succeeding generations of blood relatives of the Directors of The Adorno Asset Management Company * * *.

19. That, in the best interest of The Adorno Business Company, the Director hereby nominates, unanimously elects, and appoints Edwin R. Adorno as THE EXECUTIVE Director of The Adorno Business Company.

  *   *   *   *   *   *   *

<u>    /s/     </u>
Edwin R. Adorno, Director

The second minutes do not list the name of a "trustee" for Adorno Business nor make any reference to a "trustee".

The objection also challenges respondent's authority to determine a deficiency against Adorno Business because "IRR 301.7701-4(b) clearly states that: there is another entity that is like a trust, but it is not recognized (not known to exist) as a trust for internal revenue purposes".

E. <u>Respondent's Response</u>

At the Court's direction, respondent filed a response to the foregoing objection. Respondent contends that the second minutes do not establish that Adorno Business appointed Mr. Adorno as its trustee under Illinois law, and, therefore, Mr. Adorno is not authorized to act on behalf of Adorno Business.

Upon the filing of respondent's response, the Court issued an order directing both parties to file certain documents with the Court. Pursuant to the Court's order, respondent filed,

inter alia, a complete copy of a Form 1041, U.S. Income Tax Return for Estates and Trusts (Form 1041), filed in the name of Adorno Business for 1998.[6]  The Form 1041, which was executed by Mr. Adorno on September 15, 1999, lists the date the entity was created as December 22, 1995.

### F.  Mr. Adorno's Response

Specifically, the Court ordered Adorno Business to produce:

> (1) a complete copy of the organizational document(s) related to the creation of petitioner; (2) a complete copy of all the minutes that preceded in time the "Minutes of Second Meeting - December 26, 1995" that was attached to petitioner's Objection filed September 3, 2002; and (3) any and all other documentation identifying the fiduciary or other representative thought to have legal capacity to institute this the present case on behalf of petitioner.

Ultimately, the Court received a response, leave for the filing of which was granted, to its order for document production.  Mr. Adorno signed the response as "Edwin R. Adorno, Trustee, Adorno Business Company".[7]  Mr. Adorno attached to the response, inter

---

[6]  Attached to the Form 1041 was a Schedule C, Profit or Loss From Business, indicating the principal business of Adorno Business as "Retail/Used Auto's".  Also attached was a Schedule K-1, Beneficiary's Share of Income, Deductions, Credits, etc., indicating the beneficiary as "The Adorno Asset Management Trust" (Adorno Asset).  See infra note 12.  At trial, Mr. Adorno testified that Adorno Business operates its business on a used car lot at 1442 North Western, Chicago, Ill., and that Adorno Business pays rent to Adorno Asset for use of the lot. Apparently, Adorno Asset is only engaged in the business of collecting rent from Adorno Business for use of the lot.

[7]  This was the first time in the record that Mr. Adorno claimed to be the purported trustee of Adorno Business.  At all
(continued...)

alia, a copy of an eight-page purported trust instrument dated December 22, 1995 (purported trust instrument), a two-page document entitled "The Adorno Business Company, Minutes of First Meeting, December 22, 1995" (first minutes), and a notarized affidavit dated October 17, 2002.

The purported trust instrument[8] provides, in part, as follows:

COMMON LAW BUSINESS ORGANIZATION
THIS COMMON LAW CONTRACT IN THE FORMAT OF AN IRREVOCABLE DECLARATION OF TRUST AUTHORIZES ITS DIRECTORS TO OPERATE UNDER THE NAME OF
The Adorno Business Company
(referred to as the company)
DATED December 22, 1995

THIS agreement, conveyance and acceptance is made and entered into at the time and on the date appearing in the acknowledgment hereto attached, by and between The Adorno Asset Management Company CREATOR hereof and INVESTOR herein, Edwin R. Adorno, Acceptor hereof in fee simple as Director who shall comprise the Board of Directors for conducting the business of The Adorno Business Company hereby established.

THE CREATOR hereby constitutes and appoints the above designated Director to be, in fact, Director of The Adorno Business Company hereby created and established. THE CREATOR for and in consideration of the objects and purposes herein set forth and other considerations of value the receipt of which is hereby

---

[7](...continued) other relevant times, Mr. Adorno claimed to be the director, fiduciary, legal representative, or executive director of Adorno Business.

[8] The provisions of the purported trust instrument are substantially identical to the purported trust instrument in The Adorno Asset Mgmt. Trust v. Commissioner, T.C. Memo. 2003-127. See infra note 12.

acknowledged, does hereby convey and deliver unto said Director, who is to hold title in fee simple, the sum of $10.00 in cash and other considerations of value, which shall form the assets of this Company.

The Adorno Asset Management Company shall receive, as part consideration for it's conveyance: All One Hundred (100) units Interest in the income and assets of The Adorno Business Company.

     *     *     *     *     *     *     *

THE DIRECTORS herein named, or their successors elected to fill vacancies, shall hold office, have and exercise collectively the exclusive management and control of The Adorno Business Company property and business affairs.

     *     *     *     *     *     *     *

POWER OF DIRECTORS: Directors' powers shall be construed as general powers of a citizen of the UNITED STATES OF AMERICA, to do anything any citizen may do in any state or country, subject to the type restrictions herein noted. They shall continue in business, conserve the property, commercialize the resources, extend any established line of business in industry or investment, as herein specially noted, at their discretion for the benefit of this Company, vis: perform as agents for the surface or mineral rights buy or sell mortgages, securities, bonds, notes, leases of all kinds, contracts or credits of any form, patents, trademarks, or copyrights buy, sell, or conduct mail-order business, or branches thereof operate stores, shops, factories, warehouses or other places of business, advertise, borrow money, pledging the Company property for the payment thereof, hypothecate assets and other property, own stock in, or entire charters of TRUST COMPANIES, and or corporations, or other such properties, companies, or associations as they may deem advantageous.

     *     *     *     *     *     *     *

OFFICERS AND MANAGEMENT: The Directors may in their discretion elect among their number, or any other person, an Executive Director, Executive Secretary, Treasurer Director * * *. Any Directors may hold two or more offices simultaneously, * * *

*     *     *     *     *     *     *

IN WITNESS WHEREOF the Creator/Investor and Acceptor hereof * * * have hereunto set their hands and seals.

Director of The Adorno Asset Management Company (INVESTOR)

<u>        /s/        </u>
Edwin R. Adorno, Director

Director of The Adorno Business Company

<u>        /s/        </u>
Edwin R. Adorno, Director

This document prepared by:
Name: Attorney Edward Bartoli[9]

---

9 At the hearing, Mr. Adorno was abrupt and evasive in responding to the Court's questions concerning Edward Bartoli wherein the following colloquy ensued:

Q: Are you familiar with Edward Bartoli?

A: Yes. * * * I believe he was one – a company that was involved.

Q: Involved in what?

A: Your Honor, at this time, I stand by my stipulations, Your Honor.

Q: Okay.  Who was Edward Bartoli?

A: Mr. Bartoli, director of the Aegis Company, something like that.

Q: Did you have any dealings with this individual?

A: At the time of forming the trust – Your Honor, I stand by my stipulation.

Q: You're unable to answer our question? Is that what your response is?
A: Right now, yes.

(continued...)

Address: 11022 Southwest Hwy., Palos Hills, IL 60465

The purported trust instrument does not list the name of any "trustee" for Adorno Business nor make any reference to a "trustee".  Further, none of the provisions of the purported trust instrument grant the director the power to litigate on behalf of Adorno Business.

The first minutes[10] provide, in part, as follows:

> At this, the *FIRST MEETING* of the BOARD OF DIRECTORS of The Adorno Business Company * * *.  All Directors being present, by unanimous accord the following was affirmed and ratified, viz:
>
> 1.   That, pursuant to the request and declaration of The Adorno Asset Management Company, on this date, a Contract Creating This Entity creating The Adorno Asset Management Company (A Common Law Business Organization) was duly executed, acknowledging Edwin R. Adorno, its Director, and the above named person by their signature evidenced the acceptance of the duties, obligations and faithful performance of said Company.
>
> *       *       *       *       *       *       *
>
> 3.   * * * However, in order to acquire a proper [employer identification] number, the Director hereby changes the name of The Adorno Business Company, by substituting the word "Trust" for the

---

[9](...continued)
Q: You don't know who Edward Bartoli is?

A: I stand by my stipulations, Your Honor.

[10]   The first minutes here appear to be reproduced from the first minutes of The Adorno Asset Management Trust (Adorno Asset), which would explain the erroneous references to Adorno Asset rather than Adorno Business.  Cf. The Adorno Asset Mgmt. Trust v. Commissioner, T.C. Memo. 2003-127.  See infra note 12.

word "Company". * * *

*         *         *         *         *         *         *

_____/s/_____
Edwin R. Adorno, Director

The first minutes do not list the name of a "trustee" for Adorno Business nor make any reference to a "trustee".

The affidavit provides, in part, as follows:

I, Edwin Adorno, * * * state as follows based on my personal knowledge:

1.    I am trustee of the Adorno Asset Management Trust lawfully authorized to represent and act on behalf of Adorno Asset Management Trust.

*         *         *         *         *         *         *

_____10/17/02_____          _____/s/_____
Date:                          Edwin Adorno, Trustee
                               Adorno Asset Management Trust

The affidavit does not list the name of a "trustee" for Adorno Business nor make any reference to the purported trustee of Adorno Business.

Mr. Adorno also filed a supplemental objection with his response stating that he is the "trustee" of Adorno Business and attesting to his capacity and authority to act on behalf of Adorno Business.  In addition, Mr. Adorno submitted a "motion to vacate claims, motion for summary judgment and complaint under authority of 26 U.S.C. 7433, 7214(a)" which the Court filed as a Motion to Dismiss, challenging respondent's authority to assess tax against Adorno Business and stating that he is the trustee of

Adorno Business.[11]

G.  Hearing on Respondent's Motion

This matter was called for hearing at the Court's trial session in Chicago, Illinois.[12]  Counsel for respondent appeared at the hearing and offered argument and evidence in support of respondent's motion to dismiss.  Specifically, respondent challenges the validity of all of the documents submitted by Mr. Adorno and contends that these documents do not demonstrate that Mr. Adorno has current representative capacity as trustee.  Mr. Adorno appeared pro se, purportedly on behalf of Adorno Business.[13]  Offering no evidence to supplement the previously submitted documents, he asserted that "the minutes elected me as director" and "I stand by my stipulations and affidavits that are

_____

[11]  The Court denied Mr. Adorno's motion by Order dated Nov. 6, 2002.

[12]  This case was called for hearing with a related case in which Mr. Adorno also filed a petition purportedly on behalf of a so-called trust, which case is also being dismissed on the ground that it was not filed by a proper party.  See The Adorno Asset Mgmt. Trust v. Commissioner, T.C. Memo. 2003-127.  Mr. Adorno himself also has a case pending before the Court assigned docket No. 9459-02.

[13]  We note that, at the beginning of the hearing, Mr. Adorno appeared at counsel table with another individual by the name of Lorenzo Fiol (Mr. Fiol), whom Mr. Adorno identified as his accountant.  The Court directed Mr. Fiol to sit in the gallery behind counsel table.  However, Mr. Adorno persisted to disrupt the proceedings by communicating with Mr. Fiol over the gallery railing whereupon the Court directed Mr. Fiol to sit in the rear of the courtroom.  See The Adorno Mgmt. Trust v. Commissioner, T.C. Memo. 2003-127, note 13.

in the Court's [sic]".

H.  Post-Hearing Memorandum Briefs

At the conclusion of the hearing, the Court directed the parties to file memorandum briefs in support of their respective positions.  Respondent complied with this order, but Mr. Adorno failed to do so.

Discussion

According to respondent, Adorno Business failed to show that Mr. Adorno is a proper party authorized to act on its behalf. Respondent asserts that as a result, no valid petition has been filed and the Court must dismiss this case for lack of jurisdiction.  We agree.

It is well settled that the taxpayer has the burden of affirmatively establishing all of the facts giving rise to our jurisdiction.  See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Natl Comm. To Secure Justice v. Commissioner, 27 T.C. 837, 838-839 (1957).  Furthermore, unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on the taxpayer's behalf, we are without jurisdiction.  See Fehrs v. Commissioner, supra at 348.

Rule 60(a) requires that a case be brought "by and in the name of the person against whom the Commissioner determined the

deficiency * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. See Rule 23(a)(1)." Rule 60(c) states that the capacity of a fiduciary or other representative to litigate in the Court "shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived." The record shows that Illinois State law is controlling in this case.

Under Illinois law, only the trustee[14] is authorized to commence litigation on behalf of a trust. 760 Ill. Comp. Stat. Ann. 5/4.11 (West 1992).[15] In this respect, the Illinois Trusts and Trustees Act does not grant the power to sue on behalf of a trust to a director, a fiduciary, or any other legal representative. See Restatement, Trusts 2d, sec. 16A (1959) ("The officers and directors of a corporation, although they are fiduciaries, are not trustees."). In the present case, Adorno

---

[14] For purposes of the Ill. Trusts and Trustees Act, see 760 Ill. Comp. Stat. Ann. 5/1 (West 1992), a "trust" means a trust created by agreement, declaration or other written instrument. 760 Ill. Comp. Stat. Ann. 5/2(1) (West 1992). Thus, the Ill. Trusts and Trustees Act is applicable to a business trust. See id. at 5/4.23. A "trustee" is defined as "the trustee or any successor or added trustee of the trust, whether appointed by or pursuant to the instrument creating the trust, by order of court or otherwise". 760 Ill. Comp. Stat. Ann. 5/2(2) (West 1992).

[15] See Pierce v. Chester Johnson Elec. Co., 454 N.E.2d 55, 57 (Ill. App. Ct. 1983) (trustees possess a specific statutory power to sue in a representative capacity on behalf of a trust); see also United States ex rel. Mosay v. Buffalo Bros. Mgmt., 20 F.3d 739, 742 (7th Cir. 1994) ("a trustee is the one who has the legal right to sue").

Business has failed to provide the Court with the documentary evidence necessary to support its contention that Mr. Adorno is its duly appointed trustee.

As previously discussed, Adorno Business is purportedly an irrevocable trust wherein The Adorno Asset Management Trust (Adorno Asset) is the "Creator"/"Investor" and Mr. Adorno is the "Acceptor".[16] According to the purported trust instrument, Mr. Adorno was specifically designated "director" of Adorno Business. However, no provision of the purported trust instrument appoints or designates Mr. Adorno "trustee" for Adorno Business. We find it difficult to accept that the title "director" confers the legal status of trustee on Mr. Adorno. The purported trust instrument does not define the term "director", but it dictates that the director comprises the "Board of Directors" to "exercise collectively the exclusive management and control of The Adorno Business Company property and business affairs". Further, the purported trust instrument does not provide the director with the authority to institute legal proceedings on behalf of Adorno Business.[17] The specific duties, powers, and responsibilities

---

[16] We have serious doubts that the trust was validly formed because Mr. Adorno lacked the requisite capacity to execute the purported trust instrument on behalf of Adorno Asset. See The Adorno Asset Mgmt. Trust v. Commissioner, T.C. Memo. 2003-127. However, we assume arguendo that the purported trust instrument is valid.

[17] See 760 Ill. Comp. Stat. Ann. 5/4.11 (West 1992).

set forth in the purported trust instrument are associated with the day-to-day management affairs of the business.  Thus, the director's responsibilities appear to be nothing more than those of a business manager.

Indeed, the first time Mr. Adorno claimed to be trustee for Adorno Business was in his response dated October 17, 2002, to the Court's order for production of documents evidencing Mr. Adorno's capacity as the purported "trustee" of Adorno Business. With the exception of the response, Mr. Adorno continually referred to himself as director and signed all relevant documents as director of Adorno Business.  Without clear evidence in the purported trust instrument, we are unpersuaded that the term "director" is synonymous with the term "trustee" to accord Mr. Adorno the status of trustee.  Accordingly, we conclude that Mr. Adorno is not the duly appointed trustee of Adorno Business pursuant to Illinois law.

In the absence of any persuasive basis for concluding that Mr. Adorno was duly appointed as trustee for Adorno Business, we shall dismiss this case for lack of jurisdiction consistent with respondent's motion.

All of the arguments and contentions that have not been

specifically analyzed herein have been considered, but do not require any further discussion.

In order to give effect to the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.